UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TIMOTHY CRAYTON, | ) | 1:08-cv-00621-AWI-SMS-PC |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER GRANTING REQUEST FOR |
| vs. | ) | SCREENING ORDER |
| | ) | |
| A. HEDGPETH, et al., | ) | ORDER GRANTING EXTENSION OF |
| | ) | TIME TO FILE RESPONSE TO |
| | ) | COMPLAINT |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff, Timothy Crayton ("plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This action was initiated by civil complaint filed by plaintiff on February 19, 2008 in the Kern County Superior Court. (Case #S-1500-CV-253138-SPC.) On May 2, 2008, defendants Hedgpeth and Matheny removed the case to federal court by filing a Notice of Removal of Action under 28 U.S.C. § 1441(b). (Doc. 1.) In the Notice of Removal, counsel for defendants indicated that defendants Hedgpeth and Matheny received a copy of the complaint on April 10, 2008. Within the Notice of Removal, defendants Hedgpeth and Matheny filed a request for the court to screen plaintiff's complaint under 28 U.S.C. § 1915A and grant defendants an extension of time in which to file a responsive pleading. Plaintiff has not filed a response to defendants' requests.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

1

Plaintiff names as defendants A. Hedgpeth, Kern Valley State Prison, Corrales, K. Matheny, John Doe Architect, John Doe Construction Company, and John Doe Bunk Manufacturer. Plaintiff's complaint alleges that in February 2006, his due process and equal protection rights were violated when defendants failed to provide him with clothing or bedding and failed to install a safety grab bar in his cell, causing him to fall. Plaintiff also brings claims for wilful misconduct with reckless disregard, negligence, and strict products liability. Because defendant Kern Valley State Prison is a governmental entity and other defendants were employed there when the alleged events occurred, the court is required to screen the complaint. Therefore, defendants' motion for the court to screen the complaint shall be granted. In addition, good cause appearing, the motion for extension of time shall also be granted.

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The motion for the court to screen the complaint, filed by defendants Hedgpeth and Matheny, is GRANTED, and the court shall issue a screening order in due time;

2. All defendants in this action are granted an extension of time until thirty days from the date of service of the court's screening order in which to file a response to the complaint.

IT IS SO ORDERED.

Dated:   September 15, 2008              /s/ Sandra M. Snyder
                                         UNITED STATES MAGISTRATE JUDGE

2