IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY CRAYTON,<br><br>    Plaintiff,<br><br>  v.<br><br>CORRECTIONAL OFFICER A.<br>HEDGPETH, et al.,<br><br>    Defendants. | No. C 08-00621 WHA (PR)<br><br>**ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION; GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT; ORDER OF SERVICE; FURTHER SCHEDULING** |

## INTRODUCTION

Plaintiff, an inmate at the Kern Valley State Prison in Delano, California, has filed a pro se civil rights complaint under 42 U.S.C. 1983 in state court. On May 2, 2008, defendants removed this matter to federal court. On May 8, 2009, the court ordered service upon named defendants. Pending before the court are plaintiff's motion for preliminary injunction and plaintiff's motion to amend the complaint.

## ANALYSIS

**A.   PRELIMINARY INJUNCTION**

On July 14, 2009, plaintiff filed a motion for preliminary injunction. Defendants filed an opposition, and plaintiff has replied. In his motion, plaintiff alleges that defendants are engaging in retaliatory tactics in an attempt to prevent him from continuing current litigation. (Dkt. 24, p. 1.) Specifically, plaintiff claims that he is a disabled paralytic with brain damage and he requires a personal word processor in accordance with the American with Disabilities

Act ("ADA"). (*Id.* at 2.) During the pendency of several court cases which plaintiff has commenced against defendants, plaintiff claims that defendants have hindered his ability to litigate his actions by preventing him from accessing his legal files and private property, damaging his word processor, providing him with very limited access to the library typewriter, and denying him access to typing cartridges. (*Id.* at 1-2.)

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 129 S. Ct. 365, 374 (2008). Plaintiff alleges that all four factors weigh in his favor.

However, defendants respond that plaintiff has a current state proceeding in which the state court is addressing the very issues plaintiff raises in his motion. (Dkt. 33, p. 1-2.) Defendants urge the court to abstain from interfering with the state court proceeding. (*Id.*)

Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances. *See Younger v. Harris*, 401 U.S. 37, 43-54 (1971). The rationale of *Younger* even applies to noncriminal proceedings when important state interests are involved. *See Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). The state proceedings must be pending, not merely available, and plaintiffs must be seeking relief that would interfere in some manner with the state court litigation. *See Green v. City of Tucson*, 255 F.3d 1086, 1094 (9th Cir. 2001).

*Younger* abstention is required when: (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue. *See Middlesex County Ethics Comm.*, 457 U.S. at 432. A fourth requirement has also been articulated by the Ninth Circuit: that "the federal court action would enjoin the state proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that *Younger*

disapproves." *San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008).

Here, plaintiff currently has a pending state habeas case in the Superior Court of California in Kern County, in which he raised the same issues that are the subject of this motion.[1]  (Dkt. 33, p. 2; Jones Decl. ¶ 2.)  On August 21, 2009, the superior court held an evidentiary hearing but has yet to issue a final ruling.  (*Id.* ¶¶ 4, 7.)

Applying the factors to determine whether abstention is required demonstrates that abstention is appropriate in this case.  The state habeas proceeding is judicial in nature, and is pending; because the state proceeding is judicial, it *de facto* involves important state interests, *see San Jose Silicon Valley Chamber of Commerce Political Action Comm.*, 546 F.3d at 1095; the state habeas proceeding affords an adequate opportunity for plaintiff to raise the issue, and he is currently doing so; and if this court were to grant plaintiff's request for a preliminary injunction, it would "have the practical effect of" enjoining the state proceeding, *id.* at 1092.  Accordingly, absent some allegation that any exception to *Younger* applies, this court defers to the superior court proceeding and denies plaintiff's motion for preliminary injunction.  *See Gilbertson v. Albright*, 381 F.3d 965, 968 (9th Cir. 2004).

### B.     MOTION TO AMEND COMPLAINT

Plaintiff filed a motion to for leave to amend his complaint as well as an amended complaint.  (Dkt. 36, 37.)  His amended complaint includes a copy of his original complaint, and adds more defendants and more claims.

A plaintiff may amend his complaint once as a matter of course at any time before a responsive pleading is served.  *See* Fed. R. Civ. P. 15(a).  Where plaintiff seeks to amend after a responsive pleading has already been served, however, the decision whether to grant leave to amend is committed to the sound discretion of the trial court.  *Waits v. Weller*, 653 F.2d 1288,

---

[1] On September 16, 2008, the California Court of Appeal found that plaintiff demonstrated a prima facie case that "his personal property, including his word processor, has been confiscated, damaged or destroyed, and that he is being denied adequate access to a word processor while his word processor is being repaired." (Dkt. 34, Ex. 1.) The California Court of Appeal remanded the case to the superior court to conduct a hearing. (Id.)

1290 (9th Cir. 1981). Federal Rule of Civil Procedure 15(a) is to be applied liberally in favor of amendments and, in general, leave shall be freely given when justice so requires. *See Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994). Leave need not be granted, however, where the amendment of the complaint would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay. *See id.* An amended complaint filed after leave of court supersedes the original complaint. *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981).

A review of the amended complaint reveals additional claims and defendants that bear relation to the claims raised in the original complaint. The court concludes that, as a matter of efficiency, plaintiff's motion for leave to amend the complaint is GRANTED. Plaintiff's amended complaint is deemed filed.

**C.    PRELIMINARY SCREENING**

   **1.    STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests.'"" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

4

do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

### 2. COGNIZABLE CLAIMS

Plaintiff alleges that he filed a civil RICO action against several defendants and, in turn, defendants have retaliated against him in an attempt to persuade him to dismiss the lawsuit and other pending suits. His allegations include a multitude of dated and undated incidents of retaliation, linking named defendants to claims of sexual assault, threats, intimidation, physical injuries, confiscation and destruction of private property, and deliberate withholding of access to plaintiff's wheelchair, bedding and blankets, and personal property.

Plaintiff maintains these actions were part of an ongoing pattern of misconduct performed by a group of correctional officers known as the "Green Wall" gang, and that supervisory officials, including Wardens Hedgpeth and Harrington, either condoned such actions or allowed them to persist.

Plaintiff also alleges that the defendants violated his rights under the Americans with Disabilities Act by failing to provide him reasonable accommodations. Liberally construed, plaintiff has stated cognizable claims of deliberate indifference, retaliation, and a violation of the ADA.

In addition, plaintiff alleges numerous state law tort claims based upon defendants' conduct. The federal supplemental jurisdiction statute provides that "'district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of

the United States Constitution.'" 28 U.S.C. § 1367(a). Liberally construed, plaintiff's allegations satisfy the statutory requirement. Accordingly, the court will exercise supplemental jurisdiction over plaintiff's state law claims.

### 3. DISMISSED CLAIMS

To the extent plaintiff wishes to charge defendants with mail fraud, tampering with a witness, and other crimes, those claims will be dismissed. Criminal statutes do not provide a private cause of action or basis for civil liability. *See, e.g., Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

Plaintiff also alleges that defendants engaged in a pattern of racketeering, in violation of RICO, by retaliating against him for pursuing a separate RICO lawsuit against them. (Am. Comp., p. 55-58.) However, to state a civil RICO claim, plaintiff must allege: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (5) causing injury to plaintiff's business or property. *Ove v. Gwinn*, 264 F.3d 817, 825 (9th Cir. 2001) (citing 18 U.S.C. § 1964(c)). To demonstrate injury for RICO purposes, plaintiff must show proof of concrete financial loss, and not mere injury to a valuable intangible property interest. Personal injuries are not compensable under RICO. Id. Plaintiff also must satisfy the RICO causation element by demonstrating that the defendants' conduct directly and proximately caused the alleged injury. Id. at 825. Civil rights violations and injury to reputation do not fall within the statutory definition of "racketeering activity" and fail to state a RICO claim. *See Bowen v. Oistead*, 125 F.3d 800, 806 (9th Cir. 1997). Accordingly, this claim will be dismissed.

### 4. DISMISSED DEFENDANTS

#### A. "Doe" Defendants

Plaintiff names "Doe" defendants in his amended complaint. The use of Doe defendants is not favored in the Ninth Circuit. *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). However, where the identity of alleged defendants cannot be known prior to the filing of a complaint the plaintiff should be given an opportunity through discovery to identify them. Id. Failure to afford the plaintiff such an opportunity is error. *See Wakefield v. Thompson*, 177

F.3d 1160, 1163 (9th Cir. 1999). Accordingly, the claims against all "Doe" defendants are dismissed from this action without prejudice. Should plaintiff learn "Doe" defendants' identities, he may move to file an amendment to the complaint to add them as named defendants. *See Brass v. County of Los Angeles*, 328 F.3d 1192, 1195-98 (9th Cir. 2003).

        B.        <u>Kern Valley State Prison</u>

The Eleventh Amendment bars from the federal courts suits against a state by its own citizens, citizens of another state or citizens or subjects of any foreign state. *See Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241 (1985). This Eleventh Amendment immunity also extends to suits against a state agency, *see, e.g.*, *Allison v. California Adult Authority*, 419 F.2d 822, 823 (9th Cir. 1969) (California Adult Authority and San Quentin Prison not subject to suit); *Bennett v. California*, 406 F.2d 36, 39 (9th Cir. 1969) (California Adult Authority and CDC not subject to suit). Such immunity includes state law claims brought against a state in federal court under the supplemental jurisdiction statute. *See Raygor v. Regents of the University of Minnesota, et al.*, 534 U.S. 533, 541-42 (2002). Accordingly, Kern Valley State Prison, a state agency, will be dismissed from this action.

        C.        <u>District Attorney General Scott Feudale</u>

A prosecutor performing an advocate's role is an officer of the court entitled to absolute immunity. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 272-73 (1993). Prosecutors therefore are absolutely immune from liability for their conduct as "advocates" during the initiation of a criminal case and its presentation at trial. *See id.*; *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). Because plaintiff's allegations against Scott Feudale relates to his actions associated with the judicial process, Feudale is absolutely immune from this action. *See Fry v. Melaragno*, 939 F.2d 832, 837 (9th Cir. 1991). Accordingly, Scott Feudale will be dismissed.

        D.        <u>D. Tarnoff and the Inmate Appeals Office at Kern Valley State Prison</u>

Plaintiff alleges that D. Tarnoff and unnamed members of the Inmate Appeals Office purposely failed to properly process several of plaintiff's administrative grievances. However, there is no constitutional right to a prison administrative appeal or grievance system. *See*

*Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003).  A prison official's failure to process grievances, without more, accordingly is not actionable under § 1983.  *See Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993); *see also Ramirez*, 334 F.3d at 860 (holding that prisoner's claimed loss of a liberty interest in the processing of his appeals does not violate due process because prisoners lack a separate constitutional entitlement to a specific prison grievance system).  Accordingly, D. Tarnoof and the Inmate Appeals Office will be dismissed.

## CONCLUSION

1. Plaintiff's motion for preliminary injunction (dkt. 24) is **DENIED**.

2. Plaintiff's motion for leave to file an amended complaint (dkt. 36) is **GRANTED.**  Plaintiff's amended complaint is deemed filed.  In light of the newly filed amended complaint, defendants' motion for summary judgment is **STRICKEN.**  The court will order a new briefing schedule, and Plaintiff's motion for a 30-day extension of time to file an opposition to defendants' motion for summary judgment (dkt. 38) is **DENIED** as unnecessary.

3. Plaintiff's criminal and RICO claims are **DISMISSED**.

4. Plaintiff's remaining claims against Doe defendants are **DISMISSED** without prejudice, and against Kern Valley State Prison, Deputy Attorney General Scott Feudale, D. Tarnoff and the Inmate Appeals Office at Kern Valley State Prison are **DISMISSED** with prejudice.

5. The clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, copies of the amended complaint in this matter and copies of this order upon the following defendants: Warden Harrington, former Warden A. Hedgpeth, Prison Guard Corrales, Prison Guard K. Matheny, Captain Woods, prison litigation coordinator William Adam, C/O Chambers, C/O Northcutt, C/O G. Smith, C/O Sedlezky, C/O Sergeant Morales, Dr. Dileo, C/O Sergeant Butterfield, C/O Sergeant A. Ward, C/O Fernando, C/O R. Phillips, LVN O. Rufino, C/O Cruse, C/O Neighbors, C/O Sergeant R. Molina, C/O Lieutenant M. Jeffreys, C/O M. Jones, C/O Lieutenant J.P. Hardin, C/O Lieutenant J. Whitehead, C/O D. Sellers, C/O Sergeant E. Campagne, C/O Lieutenant S. Hass, C/O Sergeant J. Hightower, C/O Amavisa at

Kern Valley State Prison in Delano, California; mailroom employee J. Hass, C/O J. Macaleavy, C/O T. Lopez, and C/O Sergeant Thomas at Salinas Valley State Prison.

6. In order to expedite the resolution of this case, the court vacates the original briefing schedule, and orders as follows:

   a. No later than sixty days from the date of service, defendants shall file a motion for summary judgment or other dispositive motion. If defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the court prior to the date their summary judgment motion is due. All papers filed with the court shall be promptly served on the plaintiff.

   b. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the court and served upon defendants no later than thirty days from the date of service of the motion. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

   If defendants file an unenumerated motion to dismiss claiming that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), plaintiff should take note of the attached page headed "NOTICE -- WARNING (EXHAUSTION)," which is provided to him as required by *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003).

   c. If defendants wish to file a reply brief, they shall do so no later than fifteen days after the date of service of the opposition.

   d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

7. All communications by the plaintiff with the court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

8. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court

informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: October   13  , 2009.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\E.D. CAL\CRAYTON621PIAMSRV.wpd

10

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

**NOTICE -- WARNING (EXHAUSTION)**

If defendants file an unenumerated motion to dismiss for failure to exhaust, they are seeking to have your case dismissed.  If the motion is granted it will end your case.

You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies.  Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions.

If defendants file a motion to dismiss and it is granted, your case will be dismissed and there will be no trial.