IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY CRAYTON,<br><br>        Plaintiff,<br><br>   v.<br><br>CORRECTIONAL OFFICER A. HEDGPETH, et al.,<br><br>        Defendants. | No. C 08-00621 WHA (PR)<br><br>**ORDER DENYING MOTION FOR EMERGENCY PRELIMINARY INJUNCTION; REFERRING CASE TO PRO SE PRISONER SETTLEMENT PROGRAM** |

Plaintiff, a California prisoner proceeding pro se, filed the instant civil rights action pursuant to 42 U.S.C. § 1983 against numerous officials of Kern Valley State Prison ("KVSP") in May 2008. Plaintiff has filed a motion for emergency preliminary injunction. For the reasons stated below, plaintiff's motion for a preliminary injunction is denied without prejudice.

## ANALYSIS

**A.    PRELIMINARY INJUNCTION**

On July 9, 2010, plaintiff filed a motion for emergency preliminary injunction. Defendants filed an opposition. In his motion, plaintiff alleges that in an unrelated products liability case, *Crayton v. Rochester Medical Corporation*, No. 07-CV-1318 OWW GSA (E.D. Cal.), Magistrate Judge Gary S. Austin issued a subpoena to allow the defendant in that case to search plaintiff's cell and seize an external catheter manufactured by the defendant and its packaging, which were related to that products liability action. Plaintiff alleges that on June 2,

1  2010, two correctional officers showed him a copy of the subpoena from his products liability
2  case and seized not only the items mentioned, but also "selective evidence, case file records and
3  work product" from plaintiff's cell. (Mot. at 5.) Such materials included plaintiff's proof of the
4  defendants' prior acts of retaliations, confiscation of plaintiff's recorded information, case file
5  records, and other personal items plaintiff needed to file and oppose a summary judgment
6  motion in the underlying case. (Id.) Defendants oppose the motion for preliminary injunction,
7  alleging that they did not take any materials not authorized by the subpoena and specifically
8  denying seizing plaintiff's legal papers or any work product. (Decl. Lindquist at 3-4.)

9  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed
10 on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief,
11 that the balance of equities tips in his favor, and that an injunction is in the public interest."
12 *Winter v. Natural Resources Defense Council, Inc.*, 129 S. Ct. 365, 374 (2008).

13 Plaintiff alleges that an unknown correctional officer and Correctional Officer Lindquist
14 were the officers who searched his cell and seized the improper materials. Lindquist is not a
15 defendant in this action. This court is unable to issue an order enjoining individuals who are
16 not parties to a suit pending before it. *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395
17 U.S. 100, 112 (1969). Moreover, at this stage in the proceedings, plaintiff has not shown a
18 strong likelihood that he is likely to succeed on the merits. In addition, even if the court were to
19 grant relief, in light of defendants' declaration that they did not confiscate plaintiff's legal
20 works or materials, any relief would be hollow. Thus, plaintiff's motion for preliminary
21 injunction is DENIED without prejudice. *See Guzman v. Shewry*, 552F.3d 941, 948 (9th Cir.
22 2009) (noting that when the court concludes a movant has failed to show a likelihood of success
23 on the merits, the court need not consider whether the movant would suffer irreparable injury).

24 **B.     REFERRAL TO PRO SE PRISONER SETTLEMENT PROGRAM**

25 The court finds good cause to refer this matter to Judge Vadas pursuant to the Pro Se
26 Prisoner Settlement Program for settlement proceedings on the pending claims in this action.
27 The proceedings will consist of one or more conferences as determined by Judge Vadas. The
28

conferences shall be conducted with defendants, or the representative for defendants, attending by videoconferencing if they so choose. The instant case is STAYED pending the settlement conference proceedings.

The proceedings shall take place within **ninety (90) days** of the filing date of this order. Judge Vadas shall coordinate a time and date for a settlement conference with all interested parties or their representatives and, within **twenty (20) days** after the conclusion of the settlement proceedings, file with the court a report regarding the prisoner settlement proceedings. If these settlement proceedings to do not resolve this matter, the court will lift the stay and set a briefing schedule.

The clerk of the court shall mail a copy of the court file, including a copy of this order, to Judge Vadas in Eureka, California. The instant case is STAYED pending the settlement conference proceedings.

**IT IS SO ORDERED.**

Dated: August ___30___, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\E.D. CAL\CRAYTON621\CRAYTON621misc.vad.wpd