United States District Court
For the Eastern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY CRAYTON, | No. C 08-00621 WHA (PR) |
| Plaintiff, | **ORDER DIRECTING CLERK TO RE-ISSUE SUMMONS; ORDER DENYING IN PART AND GRANTING IN PART MOTION TO COMPEL** |
| v. | |
| CORRECTIONAL OFFICER A. HEDGPETH, et al., | |
| Defendants. | |
| / | **(**Docket Nos. 111, 113, 114, 150) |

This is a civil rights case brought pro se by a prisoner at Kern Valley State Prison ("KVSP"). On September 17, 2010, it was referred to Magistrate Judge Nandor Vadas to conduct a settlement proceeding. After Judge Vadas reported that the case had not settled, on January 18, 2011, the case was re-opened. Currently pending before the court are Plaintiff's motions to direct the Marshal to serve unserved Defendants, and motion to compel discovery.

**A.   Unserved Defendants**

To date, five remaining Defendants remain unserved. As a courtesy to the court, on August 20, 2010, defense counsel informed the court that he had contacted the litigation coordinator at KVSP to inquire as to the locations of unserved Defendants. (Docket No. 118.) Defendant Amavisca claimed he had never received a summons or waiver. KVSP employed more than one "Chambers" and "R. Phillips" and could not determine who was the intended Defendant. And, KVSP employed no staff member whose last name was Fernando.

While Plaintiff may rely on service by the United States Marshal, "a plaintiff may not

remain silent and do nothing to effectuate such service. At a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent defects of which [he] has knowledge." *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987). If the marshal is unable to effectuate service and the plaintiff is informed, the plaintiff must seek to remedy the situation or face dismissal of the claims regarding that defendant under Federal Rule of Civil Procedure 4(m). *See* Fed. R. Civ. P. 4(m) (If service of the summons and complaint is not made upon a defendant in 120 days after the filing of the complaint, the action must be dismissed without prejudice as to that defendant absent a showing of "good cause."); *see also Walker v. Sumner*, 14 F.3d 1415, 1421-22 (9th Cir. 1994) (prisoner failed to show cause why prison official should not be dismissed under Rule 4(m) because prisoner did not prove that he provided marshal with sufficient information to serve official).

Thereafter, Plaintiff provided more specific information in an attempt to locate each unserved Defendants. Accordingly, Plaintiff's motions to direct the Marshal to serve the unserved defendants is GRANTED. The Clerk shall re-issue summons to the following defendants, all located at KVSP:

1. Correctional Officer Chambers, Caucasian male, approximately 6'3", 230 pounds, who was assigned to the D-Facility in 2007;

2. Correctional Officer R. Phillips, Caucasian male, approximately 5'10" or 6', 180 pounds, who was working at D-Facility on September 24, 2008 during Third Watch; and

3. Correctional Officer Fernandez or Ferdinana, Mexican male, approximately 5'5", 180-200 pounds, who was working at D-Facility on September 24, 2008 during Third Watch, and usually as assigned to passing out legal mail on D-Facility during Third Watch; and

4. Correctional Officer Amavisca.

Because it appears that no summons had been returned for Correctional Officer Sergeant Butterfield, the court orders the Clerk to re-issue a summons upon Butterfield as well.

1  Although Plaintiff alleges that no mention was made of an unserved Defendant by the name of
2  "G. Ward," and requests service upon him, the court notes that Plaintiff did not name "G.
3  Ward" in his amended complaint, and thus, the court did not and will not order any summons to
4  be issued to "G. Ward."[1]

**B.      Motion to Compel Discovery**

Plaintiff asserts that he twice attempted to meet and confer with Defendant Hedgpeth to request that Hedgpeth provide information and documents.  Specifically, Plaintiff alleges that he requested 25 separate discovery requests, and Hedgpeth has refused production.  Defendants have filed an opposition, and Plaintiff has filed a reply.

1.      Request # 1 - August 11, 2009 deposition transcript of Plaintiff

Plaintiff requested a complete copy of his deposition transcript, conducted on August 11, 2009.  Hedgpeth objected on the ground that Plaintiff is not entitled to receive a free copy without paying for the court reporting service.  In his motion to compel, Plaintiff asserts that he is willing to pay for a copy of the transcript.  Federal Rule of Civil Procedure 30(f)(3) provides that the officer before whom the deposition was conducted must furnish a copy of the deposition to plaintiff upon payment of reasonable charges.  The court will not order Defendants to produce documents that are equally accessible to both parties.  Thus, Plaintiff may request a copy of his transcript pursuant to the procedure provided in Rule 30(f)(3).

2.      Remaining Requests

Plaintiff requested: (1) that he be permitted to inspect and/or copy any of his remaining property that was allegedly confiscated on 13 separate occasions at KVSP, spanning from May 28, 2002 through August 14, 2009; (2) a copy of all photographs taken of Plaintiff's prison cell on August 2008 by KVSP investigative Services Unit; (3) the full name and address of each

---

[1] Plaintiff also filed a motion for an order directing the Clerk to issue "previously submitted subpoenas for service." (Docket No. 150.) Plaintiff alleges that he submitted eight subpoenas, along with "Plaintiff's application for issuance of subpoenas," to the court on July 26, 2010. A review of the court's docket reveals no such application. Accordingly, Plaintiff's motion for an order directing the Clerk to issue such subpoenas is DENIED without prejudice.

3

warden of KVSP from 2005 - 2010; (4) the complete name and address of the architect, construction company, and bunk designer, manufacturer and installer for KVSP's D-Facility, Building 4, Cell 122; (5) the complete name and address of the architect, construction company, and bunk designer, manufacturer and installer for KVSP's administrative segregation unit 1, cell 148, and unit 2, cell 149; (6) a copy of the architect's designs and construction plans used in item # 5 and # 6; (7) the names, identification numbers, and cell number of all inmates housed in B-section, cell 121, in D-Facility at KVSP from February 24-28, 2006 and September 18, 2007, and Building 7, B-section during 2008; (8) a copy of the D-Facility's daily log book for September 18, 2007; (9) records showing Plaintiff's transfer from Salinas Valley State Prison ("SVSP") to KVSP; (10) records showing Officer K. Matheny and Officer corrales' job assignments from February 24-28, 2006; (11) a copy of the 1998 Remedial Plan; (12) records authorizing KVSP as a qualified prison to accommodate special care needs of wheelchair paralytic inmates; (13) a copy of the KVSP certificate of compliance from 2005-2009; (14) records showing a financial accounting of funds allocated to KVSP from the state and federal government to comply with special care safe housing from 2005 - 2009; (15) records showing KVSP's installation of the "grab bar"; (16) KVSP ADA housing inspection records; (17) KSVP cell search records for December 9, 2008; (18) records showing a plumbing repair at KVSP on December 11, 2008; (19) records of a vent repair at a KVSP cell on December 18, 2008; (20) records showing the job assignments of officers at KVSP in December 2008; (21) records showing the job assignment and location of Matheny on January 11, 2005; (22) SVSP records showing the address of medical doctors on January 11, 2005; (23) KVSP records showing when Plaintiff appeared before Harrington at classification committee meetings; and (24) a copy of Plaintiff's housing records showing his cell locations in KVSP from 2006-2010.

Hedgpeth objected on the ground that he is not in "possession, custody, or control" of such items because he is no longer employed at KVSP, and had not been the Warden at KVSP since November 30, 2008. Further, Hedgpeth asserts that, although he is the current Acting Warden at SVSP, he does not have a legal right to any of the documents alleged to be contained

4

1  within SVSP records.

2  Hedgpeth alleges that he is being sued in his individual capacity. Because Plaintiff is
3  seeking only money damages from Hedgpeth, normally, he would be barred from proceeding
4  against Hedgpeth (and the other defendants) in his official capacity on claims for money
5  damages because such a suit is in essence a claim for money damages against the state. The
6  Eleventh Amendment serves as a jurisdictional bar to suits brought by private parties against a
7  state or state agency unless the state or the agency consents to such suit. *See Quern v. Jordan*,
8  440 U.S. 332 (1979); *Jackson v. Hayakawa*, 682 F.2d 1344, 1349-50 (9th Cir. 1982). However,
9  because Defendants removed this case to federal court, they waived their Eleventh Amendment
10 immunity as to the entire case, including both state and federal claims and claims that were
11 added after the case was removed. *See Embury v. King*, 361 F.3d 562, 565-66 (9th Cir. 2004)
12 (discussing *Lapides v. Bd. of Regents of Univ. Sys. of Ga.*, 535 U.S. 613 (2002)); *Galario v.*
13 *Adewundmi*, No. 07-00159 DAE, 2009 WL 1227874, *6 (D. Hawaii 2009). Thus, Hedgpeth is
14 being sued in both his individual and official capacities.

15 Documents are in the "possession, custody, or control" of the served party if "the party
16 has actual possession, custody, or control, or has the legal right to obtain the documents on
17 demand." *In re Bankers Trust Co.*, 61 F.3d 465, 469 (6th Cir. 1995). Here, Hedgpeth has
18 objected to Plaintiff's request by asserting that he is no longer employed at KVSP, and does not
19 have possession, custody, or control over KVSP records. The court cannot order Hedgpeth to
20 produce any documents which he does not have. Under Rules 33(a) and 34(a), a defendant is
21 only required to "furnish such information as is available" to him when responding to Plaintiff's
22 discovery requests and produce any documents which are in his "possession, custody or
23 control." Fed. R. Civ. P. 33(a); 34(a).

24 With respect to those requested items which may be found within SVSP, and/or within
25 Hedgpeth's official capacity as Warden of SVSP, Hedgpeth is directed to search and, if found,
26 produce the requested items for inspection and copying to Plaintiff, unless he specifies his
27 objections. Although Hedgpeth originally objected on the ground that he does not have any
28

5

responsive documents in his possession, custody, or control, he responded only in his individual capacity. Thus, Hedgpeth is directed to search for the requested items in his official capacity as well. If after a reasonable inquiry this information is truly not within Hedgpeth's possession, custody, or control, then Hedgpeth may also object on that ground.

Plaintiff's motion to compel is GRANTED in as much as Hedgpeth did not state that they made a reasonable inquiry in his official capacity as warden of SVSP, and the Court is not convinced that he is unable to obtain and produce such documents. If no such documents exist, Hedgpeth must state as much in his supplemental responses. Accordingly, Plaintiff's motion to compel discovery from Hedgpeth is DENIED in part and GRANTED in part. At this time, Plaintiff's motion for sanctions is also DENIED.

**CONCLUSION**

1.  Plaintiff's motion for an order directing the Marshal to complete service of summons is GRANTED. Plaintiff's motion for an order directing the Clerk to issue previously submitted subpoenas is DENIED. Plaintiff's motion to compel discovery is DENIED in part and GRANTED in part. Plaintiff's motion for sanctions is DENIED.

2.  The clerk shall re-issue a summons and the United States Marshal shall serve, without prepayment of fees, copies of the amended complaint in this matter (docket no. 43), all attachments thereto, and copies of this order on**: (1) Correctional Officer Chambers**, Caucasian, approximately 6'3", 230 pounds, who was assigned to the D-Facility in 2007; **(2) Correctional Officer R. Phillips**, Caucasian, approximately 5'10" or 6', 180 pounds, who was working at D-Facility on September 24, 2008 during Third Watch; **(3) Correctional Officer Fernandez or Ferdinana**, Mexican, approximately 5'5", 180-200 pounds, who was working at D-Facility on September 24, 2008 during Third Watch, and usually as assigned to passing out legal mail on D-Facility during Third Watch; **(4) Correctional Officer Amavisca**; and **(5) Correctional Officer Sergeant Butterfield** at **SVSP.**

3.  The parties are reminded that the following deadlines are in place, and that extensions of time will be granted only in the most compelling circumstances:

6

(1) Plaintiff's opposition to defendants' motion to dismiss (dkt. 106) and motion for summary judgment (dkt. 108) must be filed no later than **March 21, 2011**. Defendants must reply to those oppositions 15 days thereafter. Plaintiff is reminded to review the *Rand* advisement provided to him in the court's October 19, 2009 order of service. (Docket No. 42.)

(2) Defendant Adams shall file his responsive pleading no later than **March 21, 2011**. Any opposition must be filed 30 days thereafter. Any reply to the opposition must be filed 15 days thereafter.

(3) Dispositive motions will be ruled upon without oral argument unless the court orders otherwise at a later date.

(4) Plaintiff is directed to file a response to Defendants' motion to declare plaintiff a vexatious litigant. (Docket nos. 147, 148, 149.) Plaintiff must file his opposition **no later than 30 days from the filing date of this order**. Defendants shall file their reply 15 days thereafter.

**IT IS SO ORDERED.**

Dated: February 28, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\E.D. CAL\CRAYTON621\CRAYTON621misc.wpd