1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7

8                    FOR THE EASTERN DISTRICT OF CALIFORNIA

9

TIMOTHY CRAYTON,                          No. C 08-00621 WHA (PR)

10

                    Plaintiff,            **ORDER ON MOTION FOR**

11                                        **TERMINATING SANCTIONS;**
                                          **MOTION TO DISMISS MISJOINED**

12      v.                                **DEFENDANTS AND CLAIMS; AND**
                                          **FURTHER SCHEDULING**

13

14    CORRECTIONAL OFFICER A.
      HEDGPETH, et al.,

15

                    Defendants.

16   _____/

17

18                          **INTRODUCTION**

        This is a civil rights action filed under 42 U.S.C. 1983 by a California prisoner

19

proceeding pro se.  Plaintiff claims that defendants violated his constitutional rights.  Plaintiff

20

has filed a motion for terminating sanctions.  Defendants have filed their opposition, and

21

plaintiff has filed his reply.  Defendants have filed a motion to dismiss misjoined defendants

22

and claims.  Plaintiff has filed an opposition, and defendants have filed their reply.  Plaintiff has

23

also filed a supplemental opposition in response to defendants' reply.

24

        For the reasons set out below, plaintiff's motion for terminating sanctions is denied.

25

The court orders further briefing on defendants' motion to dismiss misjoined defendants and

26

claims.

27

                          **PROCEDURAL HISTORY**

28

        This action commenced over three years ago.  In his First Amended Complaint, plaintiff

**United States District Court**
For the Eastern District of California

United States District Court

For the Eastern District of California

raised seventeen claims against over thirty prison officials employed by either Salinas Valley State Prison or Kern Valley State Prison. His claims are based on allegations that he had filed a civil suit against several defendants, and as a result, defendants – who were alleged to be part of a group of correctional officers known as the "Green Wall" gang – retaliated against him in an attempt to persuade him to dismiss the suit, as well as other pending suits. Plaintiff's claims span over a period of years, and accuse defendants of, inter alia, sexual assault; threats; intimidation; physical injuries; confiscation of private property; deliberate withholding of access to plaintiff's wheelchair, bedding, blankets, and personal property; and failure to provide him with reasonable accommodations.

On July 9, 2010, plaintiff filed a motion for an emergency preliminary injunction, in which he claimed that defendants and non-defendants at Kern Valley State Prison illegally confiscated legal property related to another federal civil lawsuit filed in the Eastern District of California, *Crayton v. Rochester Medical Corporation*, No. 07-CV-1318-oww, from plaintiff's cell. On July 30, 2010, defendants filed a motion to dismiss, as well as a motion for summary judgment. On September 9, 2010, the court denied plaintiff's motion for emergency preliminary injunction, and referred this matter to the Pro Se Prisoner Settlement Program. On January 7, 2011, the court was informed that the parties were unable to reach an agreement.

On February 14, 2011, plaintiff filed a motion to reconsider the dismissal of several claims and defendants in the court's initial screening order. On March 11, 2011, defendants filed a motion to dismiss for, inter alia, failure to exhaust and failure to state a claim. On March 24, 2011, plaintiff filed an opposition to the motions. On April 25, 2011, defendants filed a reply. On May 20, 2011, the court granted in part and denied in part defendants' motion to dismiss, motion for partial summary judgment, and motion to reconsider. The court ordered further briefing.

On July 12, 2011, defendants filed the underlying motion to dismiss misjoined defendants and claims. On July 15, 2011, plaintiff filed the underlying motion for terminating sanctions, which has now been submitted.

2

**United States District Court**
For the Eastern District of California

1

2                                  **ANALYSIS**

3    A.      Motion for Terminating Sanctions

4           In plaintiff's motion for terminating sanctions (dkt. 188), he argues that defendants

5    confiscated and destroyed his legal property, in order to hinder the prosecution of this lawsuit.

6    Specifically, plaintiff alleges that, on May 3, 2011, non-defendants Officer Koehler, Lieutenant

7    Augustus, and Sergeant Epperson were acting "in concert with or for" defendant Adams (dkt.

8    188 at 4).  These non-defendants demanded that plaintiff waive his single cell housing status, to

9    which plaintiff refused (*ibid.*).  Due to plaintiff's refusal, Sergeant Epperson signed a placement

10   order for plaintiff to be housed in administrative segregation (*ibid.*).  As a result, plaintiff's

11   personal and legal property was confiscated (*ibid.*).  Plaintiff alleges that defendants have

12   repeatedly engaged in this "pre-emptive retaliation scam of fabricating a plausible excuse to

13   confiscate and destroy my case file records, evidence, etc.," and obtained dismissals of prior

14   lawsuits that plaintiff has filed (*id.* at 5).  On June 23, 2011, plaintiff was discharged from

15   administrative segregation, and returned to his original single cell (*id.* at 8).  However, not all of

16   plaintiff's personal property, case file records, including pleadings from this underlying case,

17   have been returned (*id.* at 9).

18          Defendant Lopez argues that plaintiff's motion does not implicate her, despite plaintiff's

19   general accusation regarding "defendants."  The remaining defendants argue that plaintiff's

20   motion mainly accuses non-defendants of improper acts.  Further, defendants allege that

21   plaintiff is attempting to circumvent the PLRA by requesting injunctive relief in this motion for

22   purported activities similar to those raised in his First Amended Complaint.  Finally, defendants

23   claim that plaintiff has not met his burden of proof to permit the granting of a sanction of

24   dismissal against them.

25          Federal trial courts are vested with a wide range of inherent powers that allow them to

26   govern their courtrooms and the litigation processes before them.  *Chambers v. Nasco*, 501 U.S.

27   32, 43 (1991).  An example of these inherent powers is the discretionary power of a federal trial

28

                                          3

court to levy appropriate sanctions against a party who prejudices its opponent through the

spoliation of evidence that the spoliating party had reason to know was relevant to litigation.

*Glover v. Bic Corporation*, 6 F.3d 1318 (9th Cir. 1993).  A court must use its inherent powers

only with restraint and discretion.  *Chambers*, 501 U.S. at 44.

     To levy sanctions due to spoliation of evidence, the court must find that the offending

party destroyed evidence with notice that the evidence may be relevant to pending litigation.

*Leon v. IDX Sys. Corp.*, 464 F.3d 951, 959 (9th Cir. 2006).  Dismissal is an available sanction

when "a party has engaged deliberately in deceptive practices that undermine the integrity of

judicial proceedings" because "courts have inherent power to dismiss an action when a party

has willfully deceived the court and engaged in conduct utterly inconsistent with the orderly

administration of justice."  *Ibid.*  (citing *Anheuser-Busch, Inc. v. Natural Beverage Distributors*,

69 F.3d 337, 348 (9th Cir. 1995)).  "For dismissal to be proper, the conduct to be sanctioned

must be due to "willfulness, fault, or bad faith."  *Anheuser-Busch, Inc.*, 69 F.3d at 348.

     Plaintiff's motion is denied for several reasons.  First, although plaintiff alleges that

defendants Adams, Phillips, and Morales had roles in the confiscation and presumed destruction

of his legal and personal property, plaintiff's conclusory statements are unsupported by any

evidence.  As a result, the individuals whom plaintiff accuses of placing him in administrative

segregation and confiscating his property, are not defendants in this action.  As such, even

assuming that the non-defendants acted wilfully or in bad faith, the court has no jurisdiction to

sanction them.  Plaintiff's claim that the named individuals in his motion are the "John Doe"

defendants previously alleged in his First Amended Complaint is insufficient to establish their

liability in this lawsuit.  *Cf. Brass v. County of Los Angeles*, 328 F.3d 1192, 1195-98 (9th Cir.

2003) (affirming the district court's refusal to allow a plaintiff to substitute names for "John

Doe" defendants when plaintiff failed to request leave to add new parties or file an amended

complaint).

     Second, to the extent defendants had a role in the confiscation of plaintiff's property,

plaintiff provides no evidence that defendants did so willfully or in bad faith.  In particular,

United States District Court

For the Eastern District of California

plaintiff provides no evidence to contradict defendant Adams' declaration that Adams had no involvement with plaintiff's placement into administrative segregation or confiscation of property (Decl. Adams at ¶ 3), nor defendant Morales' statement that he did not order any prison guard to pre-screen plaintiff's legal property (Decl. Morales at ¶ 2).  Absent any evidence showing that the loss of plaintiff's property was the result of something other than an accident or innocent mistake, dismissal as a sanction is unwarranted.  *Cf. Med. Lab. Mgmt. Consultants v. Am. Broad. Cos.*, 306 F.3d 806, 824 (9th Cir. 2002) ("When relevant evidence is lost accidentally or for an innocent reason, an adverse evidentiary inference from the loss may be rejected.").

Third, plaintiff's claims regarding the destruction of his legal property are not shining examples of clarity.  At this stage in the litigation, this court cannot find plaintiff's assertions any more or less credible than defendants' denial of responsibility for the missing items.  Moreover, most of the allegations hinge on witness credibility, and, at this time, plaintiff's accusations are not sufficient to support a finding of bad faith or willfulness by the non-defendants, much less the defendants.

Accordingly, plaintiff's motion for terminating sanctions is denied.[1]

**B.**     <u>Motion to Dismiss for Misjoinder of Defendants and Claims</u>

Defendants argue that plaintiff's claims and named defendants are misjoined, in violation of Federal Rule of Civil Procedure 20(a).  Plaintiff opposes the motion, arguing that because he is without any of his legal property regarding the underlying case, defendants' motion should be denied.

Under Rule 20 of the Federal Rules of Civil Procedure, a plaintiff may join any persons

---

[1] On February 27, 2012, plaintiff filed a "verified emergency report," in which he declared that non-defendant Sergeant Epperson confiscated more legal property (dkt. 203 at 2-3).  Plaintiff requests a protective order against Sergeant Epperson, as well as an extension of time in which to file his reply to the opposition to motion terminating sanctions and supplemental opposition to motion to dismiss.  Plaintiff's request for a protective order against non-defendant Sergeant Epperson is denied.  Plaintiff's request for an extension of time in which to file his reply and supplemental opposition is granted.  Plaintiff's reply, filed on April 5, 2012, is deemed timely filed.  Plaintiff's supplemental opposition, filed on April 6, 2012, is deemed timely filed.

as defendants if: (1) any right to relief asserted against the defendants relates to or arises out of the same transaction, occurrence, or series of transactions or occurrences; and (2) there is at least one question of law or fact common to all the defendants.  Fed. R. Civ. P. 20(a); *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997).  Once a defendant is properly joined under Rule 20, the plaintiff may join, as independent or alternative claims, as many claims as he has against that defendant, irrespective of whether those additional claims also satisfy Rule 20.  *See* Fed. R. Civ. P. 18(a); *Intercon Research Assoc., Ltd. v. Dresser Indus. Inc.*, 696 F.2d 53, 57 (7th Cir. 1982) ("[J]oinder of claims under Rule 18 becomes relevant only after the requirements of Rule 20 relating to joinder of parties has been met with respect to the party against whom the claim is sought to be asserted; the threshold question, then, is whether joinder of [a defendant] as a party was proper under Rule 20(a).").

The "same transaction" requirement in Rule 20 refers to "similarity in the factual background of a claim; claims that arise out of a systematic pattern of events" and have a "very definite logical relationship" arise out of the same transaction and occurrence.  *Bautista v. Los Angeles County*, 216 F.3d 837, 842-843 (9th Cir. 2000) (Reinhardt, J., concurring) (quoting *Coughlin*, 130 F.3d at 1350 and *Union Paving Co. v. Downer Corp.*, 276 F.2d 468, 470 (9th Cir. 1960)).  In addition, "the mere fact that all [of a plaintiff's] claims arise under the same general law does not necessarily establish a common question of law or fact."  *Coughlin*, 130 F.3d at 1351.  Claims "involv[ing] different legal issues, standards, and procedures" do not involve common factual or legal questions.  *Id.*

The remaining claims in this lawsuit are:

- *Claim 7*:  plaintiff claims that defendants Hedgpeth, Harrington, and Captain Woods were deliberately indifference to plaintiff's need for a grab bar
- *Claim 8*:  plaintiff claims that defendants Hedgpeth and Harrington were deliberately indifference to plaintiff's need for a grab bar
- *Claim 10*:  plaintiff's RICO and retaliation claim against Hass
- *Claim 11*:  plaintiff's RICO and retaliation claim against Macaleavey

1     •     *Claim 12*:  plaintiff's RICO and retaliation claim against Lopez and Matheny

2     •     *Claim 13*:  plaintiff's RICO and retaliation claim against Smith

3     •     *Claim 16*:  plaintiff's RICO and retaliation claim against Adams, Hedgpeth, Harrington,

4           Butterfield, Ward, Rufino, Jeffreys, Molina, Whitehead, Hass, Campagna, Fernando,

5           Phillips, Cruse, Neighbors, Jones, Sellers, and Amavisca; and

6     •     *Claim 17*:  plaintiff's RICO and retaliation claim against Adams, Amavisca, and

7           Hightower.

8           Because plaintiff maintains that he cannot file a meaningful opposition without a copy

9     of his complaint or the defendants' motion, as a one time courtesy, the court will *sua sponte*

10    direct the Clerk of the Court to mail plaintiff a full copy of his First Amended Complaint, as

11    well as a copy of defendants' motion to dismiss so that plaintiff may have a fair opportunity to

12    oppose defendants' motion.  The court also grants plaintiff an extension of time to file an

13    amended opposition.  Plaintiff is advised that his opposition should be directly related to

14    defendants' motion to dismiss for misjoinder and argue why the parties and claims do or do not

15    satisfy Federal Rule of Civil Procedure 20(a).  Plaintiff's opposition should not attempt to bring

16    in new claims or arguments related to his underlying claims raised in his First Amended

17    Complaint.  Defendants shall file an amended reply within 15 days after the filing of plaintiff's

18    amended opposition.

19                                    **CONCLUSION**

20          1.  Plaintiff's motion for terminating sanctions is **DENIED**.

21          2.  Plaintiff shall file an amended opposition to defendants' motion to dismiss no later

22    than 45 days from the filing date of this order.  Defendants shall file an amended reply 15 days

23    thereafter.  Defendants' motion to dismiss will be deemed submitted upon that date.

24          3.  The Clerk of the Court shall mail, as a one time courtesy, to plaintiff a copy of the

25    First Amended Complaint and attachments (dkt no. 43), as well as a copy of defendants' motion

26    to dismiss (dkt no. 184).

27          4.  It is the plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court

28

1    informed of any change of address and must comply with the court's orders in a timely fashion.

2    Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to

3    Federal Rule of Civil Procedure 41(b).

4         **IT IS SO ORDERED.**

5    Dated: April ___25___, 2012.

6                                              WILLIAM ALSUP
                                               UNITED STATES DISTRICT JUDGE

14   G:\PRO-SE\WHA\E.D. CAL\CRAYTON621\CRAYTON621mtdsancandjoinder.wpd

**United States District Court**
For the Eastern District of California

8