IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY CRAYTON,<br><br>        Plaintiff,<br><br>  v.<br><br>CORRECTIONAL OFFICER A. HEDGPETH, et al.,<br><br>        Defendants.              / | No. C 08-00621 WHA (PR)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS MISJOINED DEFENDANTS AND CLAIMS** |

**INTRODUCTION**

This is a civil rights action filed under 42 U.S.C. 1983 by a California prisoner proceeding pro se. Plaintiff claims that defendants violated his constitutional rights. Defendants have filed a motion to dismiss misjoined defendants and claims. Plaintiff filed an opposition, arguing that because he is without any of his legal property regarding the underlying case, defendants' motion should be denied. Defendants filed a reply. Thereafter, plaintiff filed a supplemental opposition in response to defendants' reply. After consideration of all the pleadings, the court directed the clerk of the court to mail plaintiff a copy of the operative amended complaint, as well as defendants' motion to dismiss, and ordered plaintiff to file an amended opposition within 45 days of the filing date of the order. The court also directed defendants to file an amended reply 15 days thereafter.

For the reasons set out below, defendants' motion to dismiss is GRANTED.

**PROCEDURAL HISTORY**

In plaintiff's First Amended Complaint, plaintiff raised seventeen claims and named over thirty prison officials employed by either Salinas Valley State Prison or Kern Valley State Prison. Plaintiff's claims against defendants – who were alleged to be part of a group of correctional officers known as the "Green Wall" gang – span over a period of years, and accuse defendants of, *inter alia*, sexual assault; threats; intimidation; physical injuries; confiscation of private property; deliberate withholding of access to plaintiff's wheelchair, bedding, blankets, and personal property; and failure to provide him with reasonable accommodations.

On July 12, 2011, defendants filed a motion to dismiss misjoined defendants and claims. On May 1, 2012, the court listed plaintiff's remaining claims, and directed plaintiff to file an amended opposition addressing why the parties and claims do or do not satisfy Federal Rule of Civil Procedure 20(a).[1] On June 28, 2012, plaintiff filed a response, and on July 25, 2012, defendants filed a reply.

**ANALYSIS**

A.  Motion to Dismiss for Misjoinder of Defendants and Claims

Defendants argue that plaintiff's claims and named defendants are misjoined, in violation of Federal Rule of Civil Procedure 20(a). Initially, plaintiff opposed the motion, arguing that he did not have a copy of the operative complaint, defendants' motion, or access to the law library, his typewriter, and his legal property. On April 25, 2012, the court, as a one time courtesy, mailed plaintiff a copy of the operative complaint and defendants' motion, and extended the time within which plaintiff could file an amended opposition. Rather than file a responsive opposition, on June 28, 2012, plaintiff acknowledged receiving the courtesy copies of pleadings, but continued to argue that he was being prevented from researching and

---

[1] In that same order, the court denied plaintiff's "motion for terminating sanctions." Plaintiff filed a notice of appeal, and a request for a stay in the Ninth Circuit Court of Appeals. On July 11, 2012, the Ninth Circuit dismissed the appeal.

2

preparing an opposition, and had limited access to typing accommodations.[2] Plaintiff was provided the relevant pleadings and given an additional 45 days to prepare an opposition to defendants' motion to dismiss. Plaintiff does not explain what other missing records he might have needed to formulate an opposition to the motion to dismiss for misjoinder. Further, the record shows that after receiving the relevant pleadings, plaintiff proceeded to file objections to the April 25, 2012 order (dkt. no. 208), a notice of appeal (dkt. no. 209), a motion for an order to purchase the certain district court records (dkt. no. 212), a response to the April 25, 2012 order (dkt. no. 213), a notice of error correction (dkt. no. 214), a notice regarding bill for fees due (dkt. no. 215), and an application for a certificate of appealability (dkt no. 216). Clearly, plaintiff has had sufficient access to his typing accommodations and the law library to draft and file these pleadings, which contained legal citations to statutes as well as case law. The court will now rule on the motion to dismiss.

Under Rule 20 of the Federal Rules of Civil Procedure, a plaintiff may join any persons as defendants if: (1) any right to relief asserted against the defendants relates to or arises out of the same transaction, occurrence, or series of transactions or occurrences; and (2) there is at least one question of law or fact common to all the defendants. Fed. R. Civ. P. 20(a); *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997). Once a defendant is properly joined under Rule 20, the plaintiff may join, as independent or alternative claims, as many claims as he has against that defendant, irrespective of whether those additional claims also satisfy Rule 20. *See* Fed. R. Civ. P. 18(a); *Intercon Research Assoc., Ltd. v. Dresser Indus. Inc.*, 696 F.2d 53, 57 (7th Cir. 1982) ("[J]oinder of claims under Rule 18 becomes relevant only after the requirements of Rule 20 relating to joinder of parties has been met with respect to the party against whom the claim is sought to be asserted; the threshold question, then, is whether joinder of [a defendant] as a party was proper under Rule 20(a).").

---

[2] Defendants have filed a declaration from the legal officer of the administrative segregation unit at Kern Valley State Prison, where plaintiff is housed, stating that plaintiff has had all of his legal property in his cell, and that plaintiff has had access to the law library computer database, as well as plaintiff's typewriter, between at least 3-4 hours per week since April 2012. (Decl. Anderson at ¶¶ 1-3.)

3

The "same transaction" requirement in Rule 20 refers to "similarity in the factual background of a claim; claims that arise out of a systematic pattern of events" and have a "very definite logical relationship" arise out of the same transaction and occurrence. *Bautista v. Los Angeles County*, 216 F.3d 837, 842-843 (9th Cir. 2000) (Reinhardt, J., concurring) (quoting *Coughlin*, 130 F.3d at 1350 and *Union Paving Co. v. Downer Corp.*, 276 F.2d 468, 470 (9th Cir. 1960)). In addition, "the mere fact that all [of a plaintiff's] claims arise under the same general law does not necessarily establish a common question of law or fact." *Coughlin*, 130 F.3d at 1351. Claims "involv[ing] different legal issues, standards, and procedures" do not involve common factual or legal questions. *Id.*

In the court's May 1, 2012 order, the court found cognizable eight remaining federal claims. Specifically, in Claim 7, plaintiff claimed that, on July 3, 2008, defendants Hedgpeth, Harrington, and Captain Woods were deliberately indifference to plaintiff's need for a grab bar. In Claim 8, plaintiff claims that, on December 9, 2008, and December 11, 2008, defendants Hedgpeth and Harrington were deliberately indifference to plaintiff's need for a grab bar. In Claims 10, 11, 12, 13, 16, and 17, plaintiff alleges that defendants separately, and in groups, violated RICO, and engaged in retaliation and tampering.

Accordingly, the court agrees with defendants that plaintiff's amended complaint violates Rule 20(a). Defendants' motion to dismiss for misjoinder is GRANTED. Dismissal of the entire action is not necessary, however, as the improper joinder problem can be solved by dismissing the improperly joined parties. *See* Fed. R. Civ. P. 21. Claim 7 names Hedgpeth, Harrington, and Woods. They are properly joined under Rule 20(a). Claim 8 names only Hedgpeth and Harrington. Because Hedgpeth and Harrington are properly joined defendants under Rule 20(a), any additional claims against them, even though unrelated, may be properly joined. *See* Fed. R. Civ. P. 18(a).

However, it does not appear that Claims 10, 11, 12, 13, 16, or 17 can be properly joined with Claims 8 and 9. Additionally, at this time, the court is not persuaded that Claims 10, 11, 12, 13, 16, or 17 can or should be grouped together. *See George v. Smith*, 507 F.3d 605, 607

4

(7th Cir. 2007) (noting that, in a prisoner complaint seeking to join 24 defendants and approximately 50 distinct claims, prisoner made no effort to show that 24 defendants he named had participated in the same transaction or series of transactions or that a question of fact is common to all defendants). This rule is not only intended to avoid confusion that arises out of bloated lawsuits, but also to ensure that prisoners pay the required filing fees for their lawsuits and prevent prisoners from circumventing the three strikes rule under the Prison Litigation Reform Act.[3] 28 U.S.C. § 1915(g).

To remedy the misjoined parties, the court will dismiss Claims 10, 11, 12, 13, 16, and 17. *See* Fed. R. Civ. P. 21 (misjoined parties may be dropped by the court on its own initiative at any state of the action). The dismissal will be without prejudice to plaintiff filing a new and separate lawsuit raising the claims.

Alternatively, should plaintiff wish to litigate the RICO and/or retaliation and tampering claims instead of the deliberate indifference claims, plaintiff may file a second amended complaint within thirty days of the filing date of this order, clearly stating his preference to do so. Specifically, plaintiff may file either: (1) a second amended complaint that brings one or more claims against one defendant, as set forth in Rule 18(a), or (2) a second amended complaint that brings one or more claims against multiple defendants, **but only if those defendants can be properly joined under Rule 20(a)(2)**. In order to bring multiple claims in a single lawsuit, plaintiff must demonstrate that the Federal Rules of Civil Procedure permit the claims to be brought in a single lawsuit. Plaintiff must demonstrate how his right to relief arose out of the same "transaction, occurrence, or series of transactions." **Any further attempt to raise unrelated claims against different defendants in a single lawsuit may result in all claims being dismissed.**

## CONCLUSION

1. Defendants' motion to dismiss misjoined defendants and claims is **GRANTED**.

---

[3] The Prison Litigation Reform Act allows prisoners to file complaints without prepayment of the filing fee unless they have previously filed three frivolous suits as a prisoner. 28 U.S.C. § 1915(a),(g).

1  Claims 10, 11, 12, 13, 16, and 17 are **DISMISSED**.  Plaintiff may file a new and separate
2  lawsuit raising those claims.  In the alternative, if plaintiff does not wish to proceed on the
3  deliberate indifference claims, but would rather litigate the RICO, retaliation, and/or tampering
4  claims, plaintiff must file a SECOND AMENDED COMPLAINT within thirty days of the
5  filing date of this order.  The amended complaint must include the caption and civil case
6  number used in this order (C 08-0621 WHA (PR)) and the words SECOND AMENDED
7  COMPLAINT on the first page.  Plaintiff may not incorporate material from the prior complaint
8  by reference.  **Failure to file a second amended complaint within thirty days, and in**
9  **accordance with this order, will result in the court proceeding on only plaintiff's**
10 **deliberate indifference claims.**         2.      Plaintiff is advised that an amended complaint
11 supersedes the original complaint.  "[A] plaintiff waives all causes of action alleged in the
12 original complaint which are not alleged in the amended complaint." *London v. Coopers &*
13 *Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981).  Defendants not named in an amended complaint
14 are no longer defendants.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

15         3.      In the event that plaintiff does not file a second amended complaint, within 90
16 days of the filing date of this order, defendants shall file a motion for summary judgment or
17 other dispositive motion.  If defendants are of the opinion that this case cannot be resolved by
18 summary judgment, they shall so inform the court prior to the date their summary judgment
19 motion is due.  All papers filed with the court shall be promptly served on the plaintiff.
20 Plaintiff's opposition to the dispositive motion, if any, shall be filed with the court and served
21 upon defendants no later than 28 days from the date of service of the motion.  Defendants must
22 file a reply brief no later than 14 days after the date of service of the opposition.

23         4.      It is the plaintiff's responsibility to prosecute this case.  Plaintiff must keep the
24 Court informed of any change of address by filing a separate paper with the clerk headed
25 "Notice of Change of Address," and must comply with the court's orders in a timely fashion.
26 Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to
27 Federal Rule of Civil Procedure 41(b).
28

**IT IS SO ORDERED.**

Dated: August __4__, 2012.



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\E.D. CAL\CRAYTON621\CRAYTON621mtdjoin.wpd