IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY CRAYTON,<br><br>         Plaintiff,<br><br>   v.<br><br>CORRECTIONAL OFFICER A.<br>HEDGPETH, et al.,<br><br>         Defendants.                                / | No. C 08-00621 WHA (PR)<br><br>**AMENDED ORDER GRANTING**<br>**EXTENSION OF TIME** |

This is a civil rights action filed under 42 U.S.C. 1983 by a California prisoner proceeding pro se. Plaintiff has filed a motion for a forty-five day extension of time to file a second amended complaint and/or separate lawsuit. He argues that he has four other lawsuits he is currently prosecuting and must split his typewriter time between all five lawsuits.

In the court's May 1, 2012 order, the court found cognizable eight federal claims. Specifically, in Claim 7, plaintiff claimed that, on July 3, 2008, defendants Hedgpeth, Harrington, and Captain Woods were deliberately indifference to plaintiff's need for a grab bar. In Claim 8, plaintiff claims that, on December 9, 2008, and December 11, 2008, defendants Hedgpeth and Harrington were deliberately indifference to plaintiff's need for a grab bar. In Claims 10, 11, 12, 13, 16, and 17, plaintiff alleges that other defendants separately, and in groups, violated RICO, and engaged in retaliation and tampering.

On August 7, 2012, the court granted defendants' motion to dismiss misjoined defendants and claims. The court found that Claims 7 and 8, raising claims of deliberate

indifference, were properly joined, and could proceed without violating Federal Rules of Civil Procedure 18 or 20. However, the court dismissed Claims 10, 11, 12, 13, 16, and 17 without prejudice to re-filing in a separate lawsuit. The court directed defendants to file a dispositive motion within ninety days of the filing date of the order. Alternatively, the court ordered plaintiff to file a second amended complaint **only if** he wished to litigate the RICO and/or retaliation and tampering claims instead of the deliberate indifference claims. The court did not specify a deadline in which plaintiff should file any separate lawsuit.

In light of plaintiff's request for an extension of time, the court will grant him an extension. Should plaintiff wish to proceed with Claims 7 and 8, he need not file anything until defendants have filed their dispositive motion. Plaintiff may file new and separate lawsuits regarding dismissed Claims 10, 11, 12, 13, 16, and 17 at a later date. Only if plaintiff wishes to proceed with one or more of the claims dismissed in the court's August 7, 2012 order, should he file a second amended complaint specifying the claim(s). Plaintiff should remember that in order to bring multiple claims in a single lawsuit, however, plaintiff must demonstrate that the Federal Rules of Civil Procedure permit the claims to be brought in a single lawsuit. **Any further attempt to raise unrelated claims against different defendants in a single lawsuit may result in all the claims being dismissed.**

If plaintiff wishes to proceed with Claims 10, 11, 12, 13, 16, or 17 instead of Claims 7 and 8, plaintiff may file a second amended complaint within **thirty days** of the filing date of this order. **Failure to file a second amended complaint within thirty days, and in accordance with this order, will result in the court proceeding on only plaintiff's deliberate indifference claims.**

**IT IS SO ORDERED.**

Dated: September   20  , 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

C:\Documents and Settings\USDC\Local Settings\Temp\notes56FD74\CRAYTON621eot5.wpd