IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TIMOTHY CRAYTON,

        Plaintiff,

v.

CORRECTIONAL OFFICER A. HEDGPETH, et al.,

        Defendants.

No. C 08-00621 WHA (PR)

**ORDER DENYING MOTION FOR AN ADA ACCOMMODATION ORDER**

This is a civil rights action filed under 42 U.S.C. 1983 by a California prisoner proceeding pro se. On December 17, 2012, plaintiff filed a motion for an ADA accommodation order. On January 18, 2013, defendants filed a motion for summary judgment. Plaintiff has not yet filed his opposition.

The court takes judicial notice of the proceedings in plaintiff's federal appeal, *Crayton v. Rochester Medical Corporation*, No. 11-15574 (9th Cir. filed March 10, 2011). *See United States v. Author Services, Inc.*, 804 F.2d 1520, 1523 (9th Cir. 1986) (holding that district court appropriately took judicial notice of facts developed in a related case when exercising its discretion to deny an evidentiary hearing in an IRS summons enforcement proceeding), *amended in irrelevant part by* 811 F.2d 1264 (9th Cir. 1987), *overruled on other grounds by United States v. Jose*, 131 F.3d 1325 (9th Cir. 1997); *cf. Intri-Plex Technologies, Inc. v. Crest Group, Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007) ("a court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment,

as long as the facts noticed are not subject to reasonable dispute.").

In *Crayton v. Rochester Medical Corporation*, plaintiff had filed a similar motion for an ADA accommodation order on December 17, 2012. As in the underlying case, the motion filed in the Ninth Circuit stated that, as of December 10, 2012, plaintiff would no longer be able to use a "loaner typewriter," and would need to obtain ADA typing accommodations from the law library. However, notes plaintiff, the law library does not have such typing accommodations. Thus, plaintiff requested the both courts to order the Warden or the prison litigation coordinator to provide him with a state loaner typewriter so that he may continue to litigate his claims.

On January 2, 2013, plaintiff filed a status report in *Crayton v. Rochester Medical Corporation*, requesting withdrawal of his motion for an ADA accommodation order. He acknowledged that his inability to type had been resolved on December 18, 2012, and he was given a state loaner typewriter.

In light of this status report, the court DENIES plaintiff's motion for an ADA accommodation order as moot.

**IT IS SO ORDERED.**

Dated: February 6, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\E.D. CAL\CRAYTON621\CRAYTON621ada.wpd