KAMALA D. HARRIS  
Attorney General of California  
MARISA Y. KIRSCHENBAUER  
Supervising Deputy Attorney General  
ELLIOTT T. SEALS  
Deputy Attorney General  
State Bar No. 277491  
  455 Golden Gate Avenue, Suite 11000  
  San Francisco, CA 94102-7004  
  Telephone: (415) 703-1640  
  Fax: (415) 703-5843  
  E-mail: Elliott.Seals@doj.ca.gov  
*Attorneys for Defendants Hedgpeth, Harrington and Wood*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| **TIMOTHY CRAYTON,**<br><br>                              Plaintiff,<br><br>v.<br><br>**A. HEDGPETH,**<br><br>                              Defendants. | 1:08-cv-00621-WHA (PC)<br><br>**DEFENDANTS' NOTICE OF SETTLEMENT**<br><br>Judge:      The Hon. William Alsup<br>Action Filed:  February 19, 2008 |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

In accordance with the court order issued on January 9, 2014, (ECF No. 279.), Defendants submit the fully executed settlement agreement attached as exhibit A.

Dated: January 27, 2014

Respectfully submitted,

KAMALA D. HARRIS
Attorney General of California
MARISA Y. KIRSCHENBAUER
Supervising Deputy Attorney General

/s/ ELLIOTT T. SEALS

ELLIOTT T. SEALS
Deputy Attorney General
*Attorneys for Defendants Hedgpeth, Harrington and Wood*

SA2008302140
40875002.doc

**EXHIBIT A**

# SETTLEMENT AGREEMENT AND RELEASE

## I. PARTIES

This Settlement Agreement and Release (Agreement) is between TIMOTHY CRAYTON, (Plaintiff) and the California Department of Corrections and Rehabilitation (CDCR) on behalf of Defendants A. HEDGPETH, K. HARRINGTON, L. WOOD. Plaintiff, Timothy Crayton, and Defendants shall be referred to as "the parties."

## II. RECITALS

Certain disputes and differences have arisen between the parties to this Agreement. These disputes and differences resulted in Plaintiff filing a complaint in the United States District Court for the Eastern District of California, *TIMOTHY CRAYTON v. A. HEDGPETH, et al.*, Case No. 1:08-cv-00621-WHA (PC) (the Complaint). This Agreement covers all of the facts, claims, and allegations in the Complaint against Defendants and any past or current employees of CDCR. It does not cover other pending litigation, including but not limited to, Plaintiff's habeas petition and direct appeal of his criminal convictions.

Defendants, including CDCR, deny all of the allegations of wrongdoing made by Plaintiff in this lawsuit. The parties, however, now desire and intend by this Agreement to settle all disputes between them relating to the claims alleged in the Complaint, including any rights to appeal, and that concern the allegations of the Complaint, and to discharge each other from any and all liability with reference to such claims, except as specifically set forth in this Agreement.

Therefore, in consideration of the covenants set forth in this Agreement, the parties settle their dispute on the terms and conditions set forth below.

## III. TERMS AND CONDITIONS

1. CDCR shall pay Plaintiff $ 18,500 (the settlement amount). However, Plaintiff understands that CDCR is obligated by California Penal Code section 2085.5 to collect any amounts owed by a prisoner under a restitution fine or order, including any administrative fees related to such amounts. Such amounts and fees will be deducted from the settlement amount and paid on Plaintiff's behalf as required by Penal Code section 2085.5. The excess balance, after payment of restitution, shall be made by check payable to Plaintiff or Plaintiff's designee and delivered to the custody of Plaintiff's attorneys at K&L Gates LLP.

2. Plaintiff shall complete a Payee Data Form to enable payment and credit toward his restitution obligations. If Plaintiff requests that payment be made to another person, then that person must also complete a Payee Data Form. Plaintiff shall return the completed Payee Data Forms to Defendants' counsel as soon as reasonably possible. CDCR will make the check payable to Plaintiff or his designee.

---

*TIMOTHY CRAYTON v. HEDGPETH, et al.*, Case No. 1:08-cv-00621-WHA (PC)
Settlement Agreement and Release

3. CDCR will make a good-faith effort to pay the settlement amount (minus any restitution amounts and fees) within 180 days from the date Plaintiff delivers to Defendants a signed settlement agreement and all of the required Payee Data Forms. Plaintiff understands that payment may be delayed by the lack of a State budget, a funding shortfall despite a State budget, the processing efforts of the State Controller's Office, and other events not attributable to Defendants or CDCR. Unless expressly stated otherwise, no interest shall be paid on the settlement amount.

4. Upon receipt of the settlement amount from CDCR, Plaintiff shall execute and file a stipulation of voluntary dismissal with prejudice under Federal Rule of Civil Procedure 41(a)(1)(A)(ii). Plaintiff agrees to dismiss all the claims in the Complaint with prejudice, including Plaintiff's claims that were previously dismissed from this matter without prejudice. Plaintiff further agrees not to appeal any Orders issued in this matter.

5. No other monetary sum will be paid to Plaintiff.

6. There are no other actions required on the part of CDCR, Defendants, or Plaintiff.

## IV. GENERAL RELEASE

It is the intention of the parties in signing this Agreement that it shall be effective as a full and final accord and satisfaction and release from all claims asserted in the Complaint and amended complaint, except Plaintiff can use the facts and allegations from his Complaint and [AND] [DEFENDANTS NAMES] Amended Complaint as part of his criminal habeas petition and direct criminal appeal. By signing this Agreement, Plaintiff releases CDCR, Defendants, and any other past or current CDCR employees from all claims, past, present and future, known or unknown, that arise from the facts alleged in the Complaint or the Amended Complaint Plaintiff sought to file in this matter. This agreement does not release Plaintiff's criminal habeas corpus and direct appeal of his criminal conviction.

In furtherance of this intention, the parties acknowledge that they are familiar with, and expressly waive, the provisions of California Civil Code section 1542, which states:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

This Agreement is the compromise of various disputed claims and shall not be treated as an admission of liability by any of the parties for any purpose. The signature of or on behalf of the respective parties does not indicate or acknowledge the validity or merits of any claim or demand of the other party.

---

*TIMOTHY CRAYTON v. HEDGPETH, et al.*, Case No. 1:08-cv-00621-WHA (PC)
Settlement Agreement and Release

## V. SUCCESSORS AND ASSIGNS

This Agreement shall be binding on the parties and their respective officers, agents, administrators, successors, assignees, heirs, executors, trustees, attorneys, consultants, and any committee or arrangement of creditors organized with respect to the affairs of any such party.

Plaintiff represents that he owns the interests, rights, and claims that are the subject matter of this Agreement. Plaintiff and his principals, agents, attorneys, successors, assigns, heirs, descendants, executors, representatives, partners, and associates fully release and discharge the other parties and their principals, agents, attorneys, successors, assigns, heirs, descendants, executors, representatives, partners, and associates from all rights, claims, and actions that Plaintiff and his successors now may have or at any time in the future may have against the other parties and their successors, excluding Plaintiff's criminal habeas corpus and direct appeal of his criminal conviction.

## VI. REPRESENTATIONS AND WARRANTIES

No other consideration. The consideration recited in this Agreement is the only consideration for this Agreement, and no representations, promises, or inducements have been made to the parties, or any of their representatives, other than those set forth in this Agreement.

Execution in counterpart. This Agreement may be executed simultaneously in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

Execution of further documents. Each party to this Agreement shall execute or cause to be executed such further and other documents as are needed to carry out the expressed intent and purpose of this Agreement.

Entire agreement. This Agreement constitutes a single, integrated agreement expressing the entire agreement of the parties, and there are no other agreements, written or oral, express or implied, between the parties, except as set forth in this Agreement.

No oral modifications or waiver. No supplement, modification, or amendment to this Agreement shall be binding unless executed in writing by all the parties. No waiver of any provision of this Agreement shall be binding unless executed in writing by the party making the waiver. No waiver of any provision of this Agreement shall be deemed, or shall constitute, a waiver of any other provision, whether or not similar, nor shall any waiver constitute a continuing waiver.

Governing law. Unless expressly stated otherwise in this Agreement, the terms, conditions, and provisions of this Agreement are governed by and interpreted under California state law.

*TIMOTHY CRAYTON v. HEDGPETH, et al.*, Case No. 1:08-cv-00621-WHA (PC)
Settlement Agreement and Release

    <u>Severability</u>. Should any provision of this Agreement be held invalid or illegal, such illegality shall not invalidate the whole of this Agreement, but the Agreement shall be construed as if it did not contain the illegal part, and the rights and obligations of the parties shall be construed and enforced accordingly.

    The undersigned agree to the above:

Dated: 1/24/2014

By: _____
Plaintiff TIMOTHY CRAYTON (P-07736)

Dated: 1-24-14

By: _____
Randy Grounds, Warden
Salinas Valley State Prison

Approved as to form:

Dated: 1/23/14

By: _____
Elliott T. Seals,
Deputy Attorney General
Counsel for Defendants

SA2008302140

---

*TIMOTHY CRAYTON v. HEDGPETH, et al.*, Case No. 1:08-cv-00621-WHA (PC)
Settlement Agreement and Release

# CERTIFICATE OF SERVICE

| Case Name: | **Timothy Crayton v. Hedgpeth, et al.** | No. | **1:08-cv-00621-WHA (PC)** |
|---|---|---|---|

I hereby certify that on <u>January 27, 2014</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANTS' NOTICE OF SETTLEMENT**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

I further certify that some of the participants in the case are not registered CM/ECF users. On <u>January 27, 2014</u>, I have caused to be mailed in the Office of the Attorney General's internal mail system, the foregoing document(s) by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within three (3) calendar days to the following non-CM/ECF participants:

Timothy Crayton
CDCR# P-07736
Salinas Valley State Prison
B2-110
P.O. Box 1050
Soledad, CA 93960
*In Pro Per*

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on <u>January 27, 2014</u>, at San Diego, California.

| A. Brooks | *[signature]* |
|---|---|
| Declarant | Signature |

SA2008302140
70815999.doc