Timothy Crayton
P07736  B2-110
SALINAS VALLEY STATE PRISON
P.O. BOX: 1050
Soledad, CA. 93960
Pro se attorney of record for Plaintiff



FILED

APR 14 2014

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
        DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Timothy Crayton, ) | CASE NO.1-08-CV-00621-WHA |
| Plaintiff, ) | |
| ) | PLAINTIFF'S NOTICE AND VERIFIED MOTION |
| v. ) | FOR SANCTIONS AND STRICT COMPLIANCE |
| ) | WITH SETTLEMENT CONTRACT: MEMORANDUM |
| Hedgpeth, Warden, et al., ) | OF POINTS AND AUTHORITIES. |
| ) | |
| Defendants. ) | ATTACHED EXHIBITS: 1-9 |
| ) | |

TO THE HONORABLE JUDGE WILLIAM H. ALSUP PRESIDING IN THE ABOVE ENTITLED COURT AND
TO THE DEFENDANTS AND ALL OTHER PARTIES OF INTEREST:

    Please take notice that plaintiff Timothy Crayton does hereby submit this
motion for an order to impose sanctions against the Defendants and enforcement of
strict compliance with the January 24, 2014 Settlement Agreement and Release
contract terms as written.   —  1/

    This motion is made on the grounds that Deputy Attorney General Elliot T. Seals
and Warden Randy Grounds (signatories to the at-issue Settlement) are acting in
concert with their prison guard agents to inflict retaliations against the Plaintiff
behind the secrecy of prison walls, with the intent to coerce the Plaintiff into
breaching the specific terms and contract conditions of the Settlement Agreement and
Release signed by all parties on January 24, 2014.

---

1/ As a result of the retaliations described herein Plaintiff is being denied access to
—  his newly purchased ADA accommodation typewriter and thus depended on quid pro quo
   inmate assistance to get this fatally damaged typewriter to partially type.

1

This motion is based on this Notice, the attached Verification of Timothy Crayton, the attached Memorandum of Points and Authorities, the attached copy of the Settlement Agreement, the attached Exhibits, and such further evidence as the Court may allow at the hearing on this matter.

Respectfully submitted,

Timothy Crayton
Attorney of record

March 31, 2014
DATE

MEMORANDUN OF POINTS AND AUTHORITIES

## BACKGROUND INFORMATION


Plaintiff brought suit against various prison wardens and correction officers on May 2, 2008 alleging 1983 Civil Rights violations of Eighth and Fourteenth Ammendment rights in Cause of Actions for Deliberate Indifference and denial of Equal Protection of law claims, resulting from injury falls that he suffered due to the Defendants' failure to install safety grab bar accommnadations inside of wheelchair prison cells that Plaintiff was repeatedly assigned to as a punishment for refusing to voluntarily waive his medical single cell housing status. The verified complaint also contained intertwined RICO ACT Civil Racketeering allegations as a result of the Defendants' unlawful housing of Plaintiff in the Ad/Seg lockup unit in the same defective prison cell as an excuse to confiscate and destroy Plaintiff's personal case file records and evidence to pre-emptively obstruct and preclude Plaintiff's pro se prosecution of this lawsuit.

On August 7, 2012 the Court granted the Defendants' Misjoinder motion and seperated the RICO ACT Racketeering claims from the Deliberate Indifferent claims. In response, Plaintiff submitted his Supplemental Complaint on March 29, 2013 and the Court denied it. Thereafter Plaintiff filed his Motion For A Certificate of Appealability to pursue an interlocutory appeal. The Court, acting sua sponte, assigned attorney Jeffery L. Bornstein and attorney Claudia Quiroz to represent the Plaintiff.

On January 24, 2014 the Plaintiff, Deputy Attorney General Elliott T. Seals and warden Randy Grounds signed a Settlement Agreement and Release contract that is currently the subject matter of this Motion For Sanctions.

## STATEMENT OF FACTS

During December 2013 and January 2014 Plaintiff and the Defense attorney engaged in several rounds of settlement negotiations. Both parties amended, revised and altered the contents of the settlement terms and conditions five or more times. On January 23, 2014 both parties reached an agreement as to the terms, conditions and actual word-for-word contents of the written settlement document. Deputy Attorney General Elliot T. Seals and warden Randy Grounds both signed the Settlement Agreement and Release (See Exhibit: 1).

On January 24, 2014 Plaintiff received the Settlement Agreement and Release and also signed it (Exhibit; 1).

Deputy Attorney General Elliot T. Seals, warden Randy Grounds and the Plaintiff are competent adults authorized to enter a contract, who knowingly, voluntarily, and after reading the Settlement Agreement and Release, did sign the document and thereby established a binding contract between the signing parties that is enforceable by law (See Exhibit: 1).

IN SUMMARY: Defendants will pay Plaintiff $18,500.00 within 180 days after the signing of the Settlement Agreement and Release, and its delivery with a signed Payee Data form to the Defendant's Attorney, and upon receipt of the settlement check minus the restitution and collection fee deductions, Plaintiff will receive no less than $8,000.oo tax free in-pocket take-home dollars in the form of a check, and thereafter dismiss the lawsuit with prejudice.  2/                    :

### Paragraph NO.3 States

" CDCR will make a good-faith effort to pay the settlement amount
(minus any restitution and fees) within 180 days from the date
Plaintiff delivers to Defendants a signed settlement agreement and
all of the required Payee Data forms, etc. (See Exhibit: 1).
**(Plaintiff has complied).

### Paragraph NO.4 States

" Upon receipt of the settlement amount from CDCR, Plaintiff shall
execute and file a stipulation of voluntary dismissal with prejudice
under Federal Rule of Civil Procedure 41(a)(1)(ii). Plaintiff agrees
to dismiss the claims in the Complaint, including Plaintiff's
claims that were previously dismissed from this matter without
prejudice. Plaintiff further agrees not to appeal any orders issued in
this matter ". (See Exhibit: 1).  (Defendants have until July 24, 2014
to comply and have not yet done so.

---

2/ If called to testify attorney Elliot T. Seals, attorney Jeffery L. Bornstein and
attorney Claudia Quiroz will truthfully that the settlement agreement includes a
guarantee that Plaintiff will receive no less than $8,000.00 in tax free in-pocket
take home dollars after all deductions are made from the total $18,500.00
settlement amount.

Paragraph NO.6

" There are no other actions required on the part of CDCR, Defendants, or Plaintiff ". (Exhibit: 1).

## THE PROBLEM AT ISSUE

Plaintiff has fully complied with his obligations stated in paragraph NO.3 of the Settlement Agreement and Release, by mailing the required Payee Data form and the signed & dated Settlement Agreement to the Defense Attorney. The Defendants now have a contract obligation to deliver the settlement check to Plaintiff's designated agent (minus the restitution and fee) within 180 days of January 24, 2012, or before July 24, 2014.

Pursuant to paragraph NO.4, Plaintiff has no obligation nor legal duty to file a stipulated dismissal until the Defendants have complied with their contract obligation to deliver the settlement check to Plaintiff's designated agent for an amount no less than $8,000.00. Paragraph NO.6 confirms that Plaintiff has no other actions required of him until the Defendants comply with their obligation stated in paragraph NO.4.

At no time has the Defendants' delivered the required settlement check to the Plaintiff's designated agent, therefore Plaintiff has no legal obligation to dismiss the lawsuit until the Defendants' comply. Completion of the Defendants' obligation triggers the Plaintiff's obligation.

However, even before the parties signed the Settlement Agreement and Release contract Plaintiff began receiving inter-facility phone calls from the prison litigation coordinator's office demanding that Plaintiff sign a stipulated dismissal of the lawsuit with prejudice. Plaintiff refused to comply which caused hostility. 3/

---

3/ Prison litigation coordinator's office is operated by E. Medina.

5

On or about December 30, 2013 Plaintiff discovered that something had been shoved under his prison cell door. It was a pre-typed Stipulation For Voluntary Dismissal of the lawsuit signed by Defense Attorney Elliot T. Seals (See Exhibit:2). A few hours later two officers purportedly sent from the warden's office arrived at the prison cell door and demanded that Plaintiff sign the aforesaid stipulated dismissal. Plaintiff refused. A hostile argument ensued resulting from the officers heated demands that Plaintiff comply with the prison warden's demand that Plaintiff sign the dismissal.

On or about February 11, 2014 Plaintiff received a letter from Defense Attorney Elliot T. Seals and from Attorney Jeffery L. Bornstein, both insisting that Plaintiff must first sign a stipulated dismissal form dated February 11, 2014 (See Exhibit:3) immediately, prior to the Defendants' delivery of the settlement check, or else Plaintiff would not receive any of the settlement money (See Exhibit:4 and 5).

On or about March 13, 2014 Plaintiff received a letter from Attorney Jeffery L. Bornstein advocating on behalf of the Defendants and demanding that the Plaintiff sign the stipulated dismissal before the Defendants deliver the settlement check to Plaintiff's designated agent; and, if Plaintiff refused to comply Attorney Jeffery L. Bornstein will quit the Court's appointment and withdraw from the case. The letter was attached to a stipulated Dismissal form (See Exhibit:6).

Plaintiff refused to sign the aforesaid stipulated dismissal and explained to Attorney Jeffery L. Bornstein that to sign the stipulated dismissal before the Defendants delivered the settlement check would constitute a breach of the settlement contract. Plaintiff has no legal obligation to sign the stipulated dismissal until the Defendants comply with their legal obligation to deliver the settlement check on or before July 24, 2014 (See Exhibit:1, at p.2, paragraph NO.4 and NO.6; Also see Exhibit:7).

## Retaliatory Denial of ADA Accommadations

As a result of the Plaintiff's refusal to comply with warden Randy Grounds, Defense Attorney Elliot T. Seals and Attorney Jeffery L. Bornstein's demands to prematurely sign a stipulated dismissal and thereby breach the settlement contract, Plaintiff has become a target for abusive hostile confrontations behind the secrecy of prison walls. The tactical use of hostility and harassement is being employed as a tool to coerce Plaintiff into breaching the settlement contract by signing the stipulated dismissal before the Defendants' comply with paragraph NO.4 of the agreement.

It should be noted by the Court that this lawsuit and the at-issue settlement contract arise from the Defendant's knowing, willful and intentional denial of Plaintiff's access to ADA accommmadation safety grab bars that were mandated by law. And, currently the Defendants and their agents are again depriving Plaintiff of ADA accommmadations that are necessary for him to perform the writing skills required to practice law in pro se.

On November 22, 2013 it was determined that Plaintiff's typewriter is damaged beyond repair. A third party purchased a new typewriter for the Plaintiff from the Brother International Corporation, model M L300, the same as the damaged typewriter that needs to be replaced.

The Brother Company shipped the replacement typewriter to Salinas Valley State Prison along with typing cartridges on November 22, 2013 (See Exhibit:8).

The Brother Company assures Plaintiff that both the typewriter and the typing cartridges were shipped together in the same shipping box (See Exhibit:8).

On or about December 2, 2013 the prison received the shipment of the typewriter and the typewa typing cartridges from Brother International Corporation (See Exhibit:9).

On or about December 24, 2013 prison staff issued Plaintiff the typing cartridges, but claimed that no typewriter was received (See Exhibit:9, written note on face).

The typing cartridges were issued to the Plaintiff in a plain plastic bag without any labels or company shipping information, just plain clear plastic. No company shipping box or other type of container was present when the typing cartridges were issued to Plaintiff on or about December 24, 2013.

On or about March 2, 2014 while discussing the missing typewriter with prison staff, Sergeant Ruano and Plaintiff's conversation consisted of, but was not limited to, the following interaction:

Sgt. Ruano:  "Are'nt you the guy with the lawsuit settlement thing "?

Plaintiff:   " Yea, something like that".

Sgt. Ruano: " You've talked to Jensen, right?  (R&R property Sergeant).

Plaintiff:  " Yea".

7

Sgt. Ruano: " Did'nt someone from the warden's office? Litigations? contact you about your typewriter " ?

Plaintiff: " Yep".

Sgt. Ruano: " Well then, you've been in prison long enough to know what's going on. You know how things work around here. You want us to find your typewriter right ? You work with us and we work with you ".

## A R G U M E N T

The Infliction of Retaliations That Deprive A Disable Pro Se Litigant of The ADA Accommnadations Necessary For Him to Write, For The Purpose of Coercing The Plaintiff to Breach A Settlement Agreement Contract, Constitutes Abusive Litigation Practices That Merit Sanctions By The Court

During December 2013 and January 2014 a new party voluntarily entered this litigation on behalf of the Defendants while settlement negotiations were being conducted. Plaintiff did not object to Deputy Attorney General Elliot T. Seals inviting, including and joining warden Randy Grounds as a party to this action. Defendants warden A. Hedgpeth, warden K. Harrington and Captain L. Wood assigned and authorized warden Randy Grounds to act as their agent, appear, participate in the settlement negotiations and otherwise be involved in the litigation business of this lawsuit on the Defendant's behalf as their alter egos in law. Warden Randy Grounds is a legitimate party to this case with legal standing before the Court. On January 24, 2014 warden Randy Grounds exercised his legal standing as a party to this action by signing the at-issue settlement Agreement contract as the authorized alter ego of the aforesaid Defendants (See Exhibit:1), and thereby voluntarily placed himself under the jurisdiction of the Court. For the purpose of this sanction motion hearing the Court has jurisdiction over warden Randy Grounds and any of the unlawfull acts or omissions of his his agents..., including service of this motion on warden Randy Grounds.

8

Plaintiff is is a well known and documented 63 year old wheelchair paralytic with brain/spinal damage who cannot perform the writing skills necessary to practice law without the accommadation of a functional typewriter. Therefore Plaintiff is a qualified individual with disabilities as defined by the Americans with Disabilities Act, Title 42 USC 12102, et seq., who is entitled to the special protections of the ADA Act. Without access to his newly purchased typewriter Plaintiff is unable to adequately, meaningfully and effectively continue his pro se prosecution of this lawsuit and is therefore denied his right to meaningful access to the Court and equal protection of the law, See Bounds v. Smith, (1977) 430 U.S. 817, 823-824, 97 S.Ct.1491. This is an especially critical undue hardship at this time due to the surprising withdrawal of court appointed Attorney Jeffery L. Bornstein.

Plaintiff contends that the attached purchase and shipping records clearly establish that the Brother Corporation shipped the typewriter and typing cartridges together in one shipping box on November 22, 2013 (See Exhibit:8), and that the prison received the shipment on December 2, 2013 (See Exhibit:9). It is unreasonable to believe that the Brother Corporation did not ship the typewriter or that the prison did not receive it, in view of the fact that the typing cartridges were issued to Plaintiff in a plain clear plastic bag without any shipping information on it.

So the question is what happened to the typewriter after it was delivered to the prison ? This is not the first time that Plaintiff has been the victim of coercive prison bureaucratic gamesmanship during litigation.

Plaintiff contends that the verified facts and undeniable circumstantial evidence presented herein are sufficient to establish a prima facie showing that warden Randy Grounds, after signing the at-issue settlement contract, is now operating in concert with R&R property Sergeant B. Jansen and prison litigation coordinator E. Medina, with the knowing complicity of Deputy Attorney General Elliot T. Seals, to coerce Plaintiff into breaching the settlement contract (See Exhibit:1, p.2, paragraph NO.4) by signing a stipulated dismissal (See Exhibit:3 & 4) of this lawsuit prior to the Defendants delivering the settlement check for no less than $8,000.00 to Plaintiff's designated agent, which is contrary to paragraph NO.4 of the settlement contract. The above described contents of the Plaintiff's conversation with Sergeant Ruano regarding the Plaintiff's missing typewriter is proof that Plaintiff's writing disabilities is now targeted by the aforesaid parties as a means to coerce Plaintiff into signing the stipulated dismissal, by withholding Plaintiff's newly purchased typewriter and thereby deprive Plaintiff of the ability to write or practice law in pro se, until Plaintiff complies with the opposing parties demands.

Plaintiff contends that the material evidence sufficiently establishes that Deputy Attorney General Elliot T. Seals, a joint signatory to the settlement contract with warden Randy Grounds, did take action to coerce Plaintiff to breach the settlement contract at paragraph NO.4 (See Exhibit:1), by demanding that Plaintiff first sign a stipulated dismissal (See Exhibit:2,3,4) of this lawsuit before the settlement check would be delivered to Plaintiff's designated agent; and, if Plaintiff failed to comply with this demand Plaintiff would not receive any money (See Exhibit:4,5,6), which is contrary to the clear plain language of paragraph NO.4 of the settlement contract.

Plaintiff contends that the material evidence sufficiently establish that court appointed Attorney Jeffery L. Bornstein joined defense Attorney Elliot T. Seals and did take action to coerce Plaintiff to breach the settlement contract at paragraph NO.4 (See Exhibit:1), by demanding that Plaintiff first sign a stipulated dismissal of the lawsuit (See Exhibit:5 & 6) before the settlement check would be delivered to the Plaintiff's designated agent; and, if Plaintiff failed to comply with this demand Plaintiff would not receive any money (See Exhibit:5 & 6), which is contrary to the clear plain language of paragraph NO.4 of the settlement contract. And further, Attorney Bornstein promised to quit and withdraw fronn his court appointment unless Plaintiff complied with the demand to breach the settlement contract (See Exhibit:6). Plaintiff refused to comply and acknowledges Attorney Bornstein's withdrawal fronn this case.

Plaintiff further contends that the verified facts and evidence sufficiently establish that the above described parties acts and omissions do not serve any legitimate compelling peneological or other state interest, because the parties are motivated by a self-serving litigation objective to gain a tactical advantage over the Plaintiff. To achieve their objective the aforesaid parties have elected to use various subterfuges and retaliatory acts behind the secrecy of prison walls to coerce Plaintiff into signing a stipulated dismissal before the Plaintiff receives the settlement check, which is contrary to the settlement contract at paragraph NO.4.

And further, Plaintiff contends that the verified facts and evidence sufficiently establish a prima facie case that the Plaintiff's newly purchased typewriter was delivered to the prison (See Exhibit:8 & 9) and is currently in the constructive custody and control of warden Randy Grounds and/or his prison agents (See Exhibit:9); and is being withheld fronn Plaintiff for the purpose of coercing the Plaintiff into breaching the settlement contract by signing a stipulated dismissal of this lawsuit before Plaintiff receives the settlement check.

The opposing parties use of government power to deprive this disable pro se Plaintiff of his personal ADA accommodation typewriter, for the purpose of coercing Plaintiff to sign a stipulated dismissal of this lawsuit that neither the law nor the at-issue settlement contract requires Plaintiff to do, constitutes abusive litigation practices. The opposing parties conduct is utterly inconsistent with the orderly administration of justice and contrary to the at-issue settlement agreement.. As a result of the above described government litigation abuse Plaintiff is suffering the irreparable harm of being denied the ability to write and practice law by reason of his disabilities, and denied the protection and benefit of strict compliance to the clear plain language of paragraph NO.4 of the at-issue settlement contract. The Federal Courts have inherent powers to ensure a just result from its proceedings which include the power to levy sanctions in response to abusive litigation practices. See Leon v. IDX Systems Corp., 464 F.3d 951,958 (9th Cir.2006). When a party engages in conduct utterly inconsistent with the fair and orderly administration of justice, the District Court may impose appropriate sanctions upon noticed motion of the aggrieved party. See Anheuser-Busch,inc., v. Natural Beverage Distribs., 69 F.3d 337,348 (9th Cir.1995).

## SANCTIONS REQUESTED

Plaintiff contends that he has established a prima facie case demonstrating that he is suffering irreparable harm resulting from the above described abusive acts and omissions of the opposing party, and request that the Court impose the following sanctions:

1. Plaintiff motions the Court for a sanction order mandating that the Defense signatories to the settlement agreement and release in this case, Deputy Attorney General Elliott T. Seals and warden Randy Grounds, shall strictly comply and carryout the terms and conditions of the settlement contract, including paragraph NO.4;

2. Plaintiff motions the Court for a sanction order mandating that the Defense signatories to the settlement agreement and release in this case, Deputy Attorney General Elliott T. Seals and warden Randy Grounds, shall cease and desist from any and all demands that Plaintiff Timothy Crayton sign a stipulated dismissal of this case with prejudice before the opposing parties comply with their obligation stated in paragraph NO.4 of the settlement contract.

11

3.   Plaintiff motions the Court for a sanction order mandating that the Defense signatories to the settlement agreement and release in this case, Deputy Attorney General Elliot T. Seals and warden Randy Grounds, shall deliver Plaintiff's newly purchased Brother Corporation Model ML300 typewriter to his assigned prison cell forthwith;

4.   In the alternative, Plaintiff motions the Court to order that a hearing date be scheduled for the opposing parties to show cause why the above requested sanctions should not be ordered, and that Plaintiff be allowed to appear telephonically.


## CONCLUSION

Plaintiff has sufficiently established a prima facie showing that he is suffering irreparable harm caused by the above described retaliatory acts and omissions of the opposing party that merit the imposition of sanctions to deter any further abusive litigation practices.  Therefore the Court should grant this motion.


Respectfully submitted,

Timothy Crayton
Attorney of record
                                        March 31, 2014
                                        DATE


## VERIFICATION

I declare under penalty of perjury the foregoing is true and correct based on my personal knowledge and actual experiences in the matters stated, except for those matters stated on information and belief, and as to those matters I believe them to be true.  I further declare that the attached Exhibits 1-9 are true and correct copies of the originals as received from their sources.

Executed on March 31, 2014, Soledad, CA. 93960.

Timothy Crayton
Declarant
Plaintiff
Pro se attorney of record


*A pro se verified motion functions as an affidavit, so that facts set forth therein are evidence to be considered when deciding the motion, SEE Johnson v. Meltzer,134 F.3d 1393, 1399-1400 (9th Cir.1998).

EXHIBIT——1

## SETTLEMENT AGREEMENT AND RELEASE

### I. PARTIES

This Settlement Agreement and Release (Agreement) is between TIMOTHY CRAYTON, (Plaintiff) and the California Department of Corrections and Rehabilitation (CDCR) on behalf of Defendants A. HEDGPETH, K. HARRINGTON, L. WOOD. Plaintiff, Timothy Crayton, and Defendants shall be referred to as "the parties."

### II. RECITALS

Certain disputes and differences have arisen between the parties to this Agreement. These disputes and differences resulted in Plaintiff filing a complaint in the United States District Court for the Eastern District of California, *TIMOTHY CRAYTON v. A. HEDGPETH, et al.*, Case No. 1:08-cv-00621-WHA (PC) (the Complaint). This Agreement covers all of the facts, claims, and allegations in the Complaint against Defendants and any past or current employees of CDCR. It does not cover other pending litigation, including but not limited to, Plaintiff's habeas petition and direct appeal of his criminal convictions.

Defendants, including CDCR, deny all of the allegations of wrongdoing made by Plaintiff in this lawsuit. The parties, however, now desire and intend by this Agreement to settle all disputes between them relating to the claims alleged in the Complaint, including any rights to appeal, and that concern the allegations of the Complaint, and to discharge each other from any and all liability with reference to such claims, except as specifically set forth in this Agreement.

Therefore, in consideration of the covenants set forth in this Agreement, the parties settle their dispute on the terms and conditions set forth below.

### III. TERMS AND CONDITIONS

1. CDCR shall pay Plaintiff $ 18,500 (the settlement amount). However, Plaintiff understands that CDCR is obligated by California Penal Code section 2085.5 to collect any amounts owed by a prisoner under a restitution fine or order, including any administrative fees related to such amounts. Such amounts and fees will be deducted from the settlement amount and paid on Plaintiff's behalf as required by Penal Code section 2085.5. The excess balance, after payment of restitution, shall be made by check payable to Plaintiff or Plaintiff's designee and delivered to the custody of Plaintiff's attorneys at K&L Gates LLP.

2. Plaintiff shall complete a Payee Data Form to enable payment and credit toward his restitution obligations. If Plaintiff requests that payment be made to another person, then that person must also complete a Payee Data Form. Plaintiff shall return the completed Payee Data Forms to Defendants' counsel as soon as reasonably possible. CDCR will make the check payable to Plaintiff or his designee.

3.     CDCR will make a good-faith effort to pay the settlement amount (minus any restitution amounts and fees) within 180 days from the date Plaintiff delivers to Defendants a signed settlement agreement and all of the required Payee Data Forms. Plaintiff understands that payment may be delayed by the lack of a State budget, a funding shortfall despite a State budget, the processing efforts of the State Controller's Office, and other events not attributable to Defendants or CDCR. Unless expressly stated otherwise, no interest shall be paid on the settlement amount.

4.     Upon receipt of the settlement amount from CDCR, Plaintiff shall execute and file a stipulation of voluntary dismissal with prejudice under Federal Rule of Civil Procedure 41(a)(1)(A)(ii). Plaintiff agrees to dismiss all the claims in the Complaint with prejudice, including Plaintiff's claims that were previously dismissed from this matter without prejudice. Plaintiff further agrees not to appeal any Orders issued in this matter.

5.     No other monetary sum will be paid to Plaintiff.

6.     There are no other actions required on the part of CDCR, Defendants, or Plaintiff.

### IV.  GENERAL RELEASE

It is the intention of the parties in signing this Agreement that it shall be effective as a full and final accord and satisfaction and release from all claims asserted in the Complaint and amended complaint, except Plaintiff can use the facts and allegations from his Complaint and Amended Complaint as part of his criminal habeas petition and direct criminal appeal. By signing this Agreement, Plaintiff releases CDCR, Defendants, and any other past or current CDCR employees from all claims, past, present and future, known or unknown, that arise from the facts alleged in the Complaint or the Amended Complaint Plaintiff sought to file in this matter. This agreement does not release Plaintiff's criminal habeas corpus and direct appeal of his criminal conviction.

In furtherance of this intention, the parties acknowledge that they are familiar with, and expressly waive, the provisions of California Civil Code section 1542, which states:

A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

This Agreement is the compromise of various disputed claims and shall not be treated as an admission of liability by any of the parties for any purpose. The signature of or on behalf of the respective parties does not indicate or acknowledge the validity or merits of any claim or demand of the other party.

*TIMOTHY CRAYTON v. HEDGPETH, et al.,* Case No. 1:08-cv-00621-WHA (PC)
Settlement Agreement and Release

## V. SUCCESSORS AND ASSIGNS

This Agreement shall be binding on the parties and their respective officers, agents, administrators, successors, assignees, heirs, executors, trustees, attorneys, consultants, and any committee or arrangement of creditors organized with respect to the affairs of any such party.

Plaintiff represents that he owns the interests, rights, and claims that are the subject matter of this Agreement. Plaintiff and his principals, agents, attorneys, successors, assigns, heirs, descendants, executors, representatives, partners, and associates fully release and discharge the other parties and their principals, agents, attorneys, successors, assigns, heirs, descendants, executors, representatives, partners, and associates from all rights, claims, and actions that Plaintiff and his successors now may have or at any time in the future may have against the other parties and their successors, excluding Plaintiff's criminal habeas corpus and direct appeal of his criminal conviction.

## VI. REPRESENTATIONS AND WARRANTIES

No other consideration. The consideration recited in this Agreement is the only consideration for this Agreement, and no representations, promises, or inducements have been made to the parties, or any of their representatives, other than those set forth in this Agreement.

Execution in counterpart. This Agreement may be executed simultaneously in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

Execution of further documents. Each party to this Agreement shall execute or cause to be executed such further and other documents as are needed to carry out the expressed intent and purpose of this Agreement.

Entire agreement. This Agreement constitutes a single, integrated agreement expressing the entire agreement of the parties, and there are no other agreements, written or oral, express or implied, between the parties, except as set forth in this Agreement.

No oral modifications or waiver. No supplement, modification, or amendment to this Agreement shall be binding unless executed in writing by all the parties. No waiver of any provision of this Agreement shall be binding unless executed in writing by the party making the waiver. No waiver of any provision of this Agreement shall be deemed, or shall constitute, a waiver of any other provision, whether or not similar, nor shall any waiver constitute a continuing waiver.

Governing law. Unless expressly stated otherwise in this Agreement, the terms, conditions, and provisions of this Agreement are governed by and interpreted under California state law.

*TIMOTHY CRAYTON v. HEDGPETH, et al.*, Case No. 1:08-cv-00621-WHA (PC)
Settlement Agreement and Release

Severability. Should any provision of this Agreement be held invalid or illegal, such illegality shall not invalidate the whole of this Agreement, but the Agreement shall be construed as if it did not contain the illegal part, and the rights and obligations of the parties shall be construed and enforced accordingly.

The undersigned agree to the above:

Dated: 1/24/2014

By: _____
Plaintiff TIMOTHY CRAYTON (P-07736)

Dated: 1-24-14

By: _____
Randy Grounds, Warden
Salinas Valley State Prison

Approved as to form:

Dated: 1/23/14

By: _____
Elliott T. Seals,
Deputy Attorney General
Counsel for Defendants

SA2008302140

---

*TIMOTHY CRAYTON v. HEDGPETH, et al.,* Case No. 1:08-cv-00621-WHA (PC)
Settlement Agreement and Release

EXHIBIT_____[2]

1  KAMALA D. HARRIS, State Bar No. 146672
   Attorney General of California
2  DAMON G. MCCLAIN, State Bar No. 209508
   Supervising Deputy Attorney General
3  ELLIOTT T. SEALS, State Bar No. 277491
   Deputy Attorney General
4  455 Golden Gate Avenue, Suite 11000
   San Francisco, CA 94102-7004
5  Telephone: (415) 703-1640
   Fax: (415) 703-5843
6  E-mail: Elliott.Seals@doj.ca.gov
   *Attorneys for Defendants Hedgpeth, Harrington and*
7  *Wood*

8                  IN THE UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10                          FRESNO DIVISION

11

12
   **TIMOTHY CRAYTON,**                    1:08-cv-00621-WHA (PC)
13
                              Plaintiff,   **STIPULATION FOR VOLUNTARY**
14                                         **DISMISSAL WITH PREJUDICE**
                    v.                     **(Fed. R. Civ. P. 41(a)(1)(A)(ii))**
15
                                           Judge:       The Hon. William Alsup
16  **A HEDGPETH,**                        Action Filed: February 19, 2008

17                            Defendants.

18

19        Plaintiff Timothy Crayton and Defendants have resolved this case in its entirety. Therefore,

20  the parties stipulate to a dismissal of this action with prejudice under Federal Rule of Civil

21  Procedure 41(a)(1)(A)(ii). This stipulation applies to all of the claims raised in Plaintiff's First

22  Amended Complaint (ECF No. 37).

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /
                                           1

1    Each party shall bear its own litigation costs and attorney's fees.

2    It is so stipulated.

3

4    Dated: _____            _____
                                              Timothy Crayton (P-07736), Plaintiff
5

6    Dated: 12/30/13                          _____
7                                             Elliott T. Seals
                                              Deputy Attorney General
8                                             California Attorney General's Office
                                              *Attorney for Defendants Hedgpeth, Harrington,*
9                                             *and Wood*

10

11   SA2008302140
12   40821006.doc

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                              2

# Exhibit

3

1  KAMALA D. HARRIS, State Bar No. 146672
   Attorney General of California
2  MARISA Y. KIRSCHENBAUER, State Bar No. 226729
   Supervising Deputy Attorney General
3  ELLIOTT T. SEALS, State Bar No. 277491
   Deputy Attorney General
4   455 Golden Gate Avenue, Suite 11000
    San Francisco, CA 94102-7004
5   Telephone: (415) 703-1640
    Fax: (415) 703-5843
6   E-mail: Elliott.Seals@doj.ca.gov
   *Attorneys for Defendants Hedgpeth, Harrington and*
7  *Wood*

8               IN THE UNITED STATES DISTRICT COURT

9             FOR THE EASTERN DISTRICT OF CALIFORNIA

10                        FRESNO DIVISION

11

12
   **TIMOTHY CRAYTON,**                    1:08-cv-00621-WHA (PC)
13
                              Plaintiff,   **STIPULATION FOR VOLUNTARY**
14                                         **DISMISSAL WITH PREJUDICE**
                                           **(Fed. R. Civ. P. 41(a)(1)(A)(ii))**
15              v.
                                           Judge:      The Hon. William Alsup
16  **A HEDGPETH,**                        Action Filed: February 19, 2008

17                            Defendants.

18

19      Plaintiff Timothy Crayton and Defendants have resolved this case in its entirety. Therefore,

20  the parties stipulate to a dismissal of this action with prejudice under Federal Rule of Civil

21  Procedure 41(a)(1)(A)(ii).

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

                                          1

It is so stipulated.

Dated: _____
                                        _____
                                        Timothy Crayton (P-07736), Plaintiff

Dated: 2/11/14
                                        _____
                                        Elliott T. Seals
                                        Deputy Attorney General
                                        California Attorney General's Office
                                        *Attorney for Defendants*

SA2008302140
40890226.doc

2

# Exhibit

4



*KAMALA D. HARRIS*
*Attorney General*

*State of California*
*DEPARTMENT OF JUSTICE*

455 GOLDEN GATE AVENUE, SUITE 11000
SAN FRANCISCO, CA 94102-7004

Public: (415) 703-5500
Telephone: (415) 703-1640
Facsimile: (415) 703-5843
E-Mail: Elliott.Seals@doj.ca.gov

February 11, 2014

*Via Email and Mail*

Timothy Crayton
C/O Jeffrey Bornstien
K&L Gates LLP
4 Embarcadero Center, Suite 1200
San Francisco, CA 94111-5994

RE: *Timothy Crayton v. Hedgpeth, et al.*
USDC, Eastern District of California, Case No. 1:08-cv-00621-WHA (PC)

Dear Mr. Crayton:

Enclosed please find a stipulation for dismissal of this action with prejudice. I have been informed by CDCR that they cannot issue the check to you for the settlement amount until they have a signed stipulation dismissing this action. **This stipulation will not be filed with the court until after you have been issued the check for the settlement amount.** In addition to the stipulation I have also enclosed a declaration stating under penalty of perjury that I will not file the stipulation until after CDCR has issued you a check for the settlement amount minus restitution and the restitution administrative fee. Please sign and return the enclosed stipulation for dismissal.

Sincerely,

ELLIOTT T. SEALS
Deputy Attorney General

For    KAMALA D. HARRIS
       Attorney General

Enclosures

SA2008302140
40890262.doc

EXHIBIT_____ [5]



**K&L GATES LLP**
4 EMBARCADERO CENTER, SUITE 1200
SAN FRANCISCO, CA 94111
T +1 415 882 8200   F +1 415 882 8220

Jeffrey L. Bornstein
415.249.1059
jeff.bornstein@klgates.com

February 11, 2014

**CONFIDENTIAL ATTORNEY-CLIENT PRIVILEGED**
**LEGAL MAIL - TO BE OPENED ONLY IN PRESENCE OF INMATE**

Timothy Crayton, P07736
Salinas Valley State Prison
31625 Highway 101
Soledad, CA 93960

Re: *Crayton v. Hedgpeth*, et al.; 08-CV-00621 WHA

Dear Mr. Crayton:

Enclosed is a letter from Deputy Attorney General Seals and the Stipulation for Dismissal. We hope that Mr. Seals' letter will convince you to sign the Stipulation for Dismissal – Mr. Seals assures us that it will <u>not</u> be filed with the Court until <u>after</u> you have been issued your settlement check. Please sign the Stipulation for Dismissal and return it to me in the Federal Express return envelope also enclosed. CDCR will not process the settlement check until they have the signed Stipulation for Dismissal. Thank you.

Very truly yours,

Jeffrey L. Bornstein

Enclosures

EXHIBIT _____ 6



**K&L GATES LLP**
4 EMBARCADERO CENTER, SUITE 1200
SAN FRANCISCO, CA 94111
T +1 415 882 8200  F +1 415 882 8220

Jeffrey L. Bornstein
415.249.1059
jeff.bornstein@klgates.com

March 13, 2014

**CONFIDENTIAL ATTORNEY-CLIENT PRIVILEGED**
**LEGAL MAIL - TO BE OPENED ONLY IN PRESENCE OF INMATE**

Timothy Crayton, P07736
Salinas Valley State Prison
31625 Highway 101
Soledad, CA 93960

Re: *Crayton v. Hedgpeth*, et al.; 08-CV-00621 WHA

Dear Mr. Crayton:

    ·I cannot continue to represent you if you do not trust me.

    In order for you to receive the agreed upon settlement amount, I <u>must</u> have in my possession your signed Stipulation for Voluntary Dismissal with Prejudice that I am enclosing once again. I promise you that I will <u>not</u> file the Stipulation <u>until</u> I have, in my hands, the settlement check. I will then notify you and wait for your written permission to file the Stipulation. I will not be able to send the check to your sister until I receive your permission to dismiss this case.

    With respect to the amount of the settlement, the operative paragraphs of the California Penal Code are §§ 2085.5(n) and 2085.5(e) (for the 5% administrative fee). The settlement amount that you will receive is what was agreed to in open court – an amount no less than $8,000.

    Mr. Crayton, I know that you have had a tough time, and I have done my best to try and help you with this particular case. You have received a very favorable settlement from CDCR, and there really is nothing more that I can do on your behalf. If you decide to go back on the Settlement Agreement that you signed, or otherwise refuse to continue to work with me so that I can bring this case to a successful conclusion on your behalf, I will have no choice but to bring this matter to the attention of the Court and to withdraw as your attorney. I really do not want to do that. Please let me help you so you can get paid.

                 Very truly yours,

                 Jeffrey L. Bornstein

Enclosures

EXHIBIT _____ [7]

My typewriter is damaged beyond repair and CDCR is withholding any new ADA accommadation typewriter to pressure me into signing the at-issue dismissal discussed in this letter...so please excuse the typing errors.

Timothy Crayton                                    March 25, 2014
P07736  B2-110
SALINAS VALLEY STATE PRISON
P.O. BOX: 1050
Soledad, CA. 93960                    (NOTE: You are correct, the settlement
Attorney of record for Plaintiff       does require that I receive $8,000.00
                                       or more (from the $18,000.00) tax free
                                       take home dollars)


TO: Jeffery L. Bernstein, Attorney at law
    4 Embarcadero Center, Suite 1200
    San Francisco, CA. 94111


CASE NO. 1-08-CV-00621-WHA  Crayton v. Hedgpeth, et al.


        Attorney Bornstein:

        You open your March 13, 2014 letter with"I cannot continue to represent you if you do not trust me". At no time have I ever raised any "trust" issues between us, nor am I aware of any existing "trust" issues between you and I. If you have decided to quit & run, then I sincerely THANK you and attorney Claudia Quiroz for your kindness and assistance the two of you provided/.. And further, you say "...and and there really is nothing more that I can do on your behalf"..."and that you are going to "bring this matter to the attention of the Court and to withdraw (sic) as your attorney". In response, I simply request that you afford me the professional curtesy of providing me with the court hearing date scheduled for your "withdrawal" in advance and please arrange for me to appear at the hearing from prison telephonically.

        You further accuse me in the form of a hypethetical,"If you decide to go back on the Settlement Agreement that you signed", At no time have I entertained such a thought, nor suggested such a thing, nor will I take any action to breach the Settlement Agreement contract:

                (A) Paragraph NO.3 requires me to provide the Defendants with a
                    signed settlement agreement and Payee Data form. I have
                    complied with this requirement.

                (B) Paragraph NO.4 states "Upon receipt of the settlement amount
                    from CDCR, Plaintiff shall execute and file a stipulation
                    of voluntary dismissal with prejudice". The Defendants are
                    now obligated to comply with this condition precedent before I
                    have a duty to sign the dismissal.

                (C) Paragraph NO.6 states "There are no other actions required on the
                    part of Plaintiff".

        For me to sign the dismissal before CDCR delivers the settlement check constitutes a breach of the plain language paragraph NO.4 Settlement Agreement contract terms. I am in compliance with the contract and have no intentions of breaching it. So please explain to me WHY I should breach the contract.

        CDCR's obligation triggers my obligation,

        Timothy Crayton
        Attorney of record

EXHIBIT____[8]

**CONSIGNOR/FROM**
BROTHER PARTS DIST CENTER
7905 N BROTHER BLVD
BARTLETT        TN USA 38133
PHONE: 901-379-1000

**brother.**
at your side

| SHIP DATE | CUSTOMER NO: | |
|---|---|---|
| 11/22/2013 | 0000999814 | **PAGE** Page: 1  of  1 |

**CARRIER:** USP1

**SHIP TO:**  TIMOTHY CRAYTON #P07736 B2-110
SALINAS VALLEY STATE PRISON
PO BOX 1050
SOLEDAD, CA 93960
US UNITED STATES
Attn\Phone: 6017574150

**SOLD TO:**  0053870667ST
CONSUMER CREDIT CARD SALES
TAXABLE
7905 N. BROTHER BLVD
BARTLETT TN
US
Attn\Phone: 38133 UNITED STATES

**Special Instructions:**
ALL RETURNS MUST BE RECEIVED WITHIN 30 DAYS.  NEED AN INVOICE? Call 1-888-879-3232 and follow the prompt options.

| DELIVERY NO. | DEPARTMENT. NO. | | SALES NO. | PICKED BY | PACKED BY | CHECKED BY |
|---|---|---|---|---|---|---|
| 0053870667 | | | SLM580 | | CSMITH | |

| REQ. SHIP DATE | SHIP VIA | SHIPPING TERMS | SPECIAL INSTRUCTIONS | |
|---|---|---|---|---|
| 11/22/2013 | USP1 | PPD | | |

| CUSTOMER PO # | QTY. | CUST. PROD. NO. | MODEL NO. | DESCRIPTION OF ARTICLES | BOX |
|---|---|---|---|---|---|
| 831490520131122 | | | | | |
| | 2 | | 1032 | RBBN-BLK NYLN HGH YLD     (1) | |
| | 1 | | 1430I | 4PK-RBBN BLK CRBN | |
| | 1 | | ML300 | PORT MULTILINGUAL T/W | |



## at your side

7777 NORTH BROTHER BOULEVARD, BARTLETT, TN 38133
BROTHER INTERNATIONAL CORPORATION

## TYPEWRITER MACHINE PRICE LIST

**NEW MODEL**

4 — 24.99

| MODEL | PRICE | QTY | TOTAL |
|-------|-------|-----|-------|
| GX6750 | $89.99 | | |
| SX4000 | $109.99 | | |
| ML100 | $99.99 | | |
| ML300 | $129.99 | 1 | $129.99 |

Plus: 5 Black Correctable Ribbons (#1030)
3 Black Nylon Ribbons ~~$~~ (#1032)

(Typing ribbons Model NO.1030 & 1032)

**SUBTOTAL:** _____

**SALES TAX:** _____
*All orders are subject to state and local taxes according to the delivery address.

**TOTAL DUE: (US DOLLARS)** ~~_____~~

**SEND COMPLETED ORDER FORM TO:**

**BROTHER INTERNATIONAL CORPORATION**
**ATTN: CONSUMER ACCESSORY DIVISION**
**P. O. BOX 341332**
**BARTLETT, TN 38134-1332**

**\*\*PRICES AND AVAILABILITY SUBJECT TO CHANGE WITHOUT NOTICE\*\***

**\*\*\*MACHINES $99.99 OR HIGHER FREE STANDARD SHIPPING (5-7 BUSINESS DAYS)\*\*\***

NAME: TIMOTHY CRAYTON, P07736, B2-110

ADDRESS: SALINAS VALLEY STATE PRISON
P.O. BOX: 1050

CITY: Soledad     STATE: CA.     ZIP: ✱(93960

PHONE: (   )          FAX: (   )

METHOD OF PAYMENT (**CIRCLE ONE**)

VISA  MASTERCARD  DISCOVER  AMEX  CHECK/MONEY ORDER

ACCOUNT NUMBER: _____     EXP. DATE _____

SIGNATURE: _____

**PHONE: 1-888-879-3232**

**FAX: 1-800-947-1445**

**ON-LINE: WWW.BROTHERMALL. COM**



**brother.**
at your side

**Products    Support    Solutions    About Brother™    My Account**

## Typewriters

Product Solutions

To Inform

To Support

Connect With Us



Bookmark and Share

## Overview

### ML-300



*Total # 209.36*
*Confirmation #*
*201743784*

**Daisy Wheel Display Typewriter with Dictionary**
The Brother ML-300 Daisy wheel Electronic Dictionary Typewriter is the mid-level portable typewriter in a series of three models. The ML-100 has less features than the ML-300, while the ML-500 offers additional features beyond the capabilities of the ML-300.

The unique features found on the ML Series of Brother Portable Typewriters include its international keyboard, bonus international daisy wheel and the Perfectype® professional touch keyboard. With the ML300, you are able to easily access the characters necessary for typing in a number of languages including English, Spanish and French.

**BONUS DAISY WHEEL** WITH INTERNATIONAL SYMBOLS

**PERFECTYPE®**

*All*
*Ordered*
*11/22/13*
*4-7 Business*
*Day*

*Merry*
*Christmas*

## Features

### INTERNATIONAL TYPING FEATURES

- Includes both the standard US English and International daisy wheels
- International characters on the keyboard permit typing in Spanish, French, Portuguese, plus much more
- Keyboard I/II/III setting for selecting the character set for special international characters

### UNIQUE PRODUCT FEATURES

- Perfectype® professional touch keyboard - Designed to increase accuracy and typing speed
- View mode allows you to see what you've typed by automatically . . . the paper roll up

### AUTOMATIC TIME SAVING TYPING FEATURES

- 16 character LCD display for error checking
- Line by Line Typing
- "Word-Spell"® 78,000 word English dictionary with errorlocating find feature
- Automatic paper insertion to perfectly insert each page to a uniform 1" top margin
- Automatic centering, underlining, bold printing & right margin flush
- Automatic 'Word-Out'® and 'Line-Out'® correction system erases a word or line with the touch of a key
- One line correction memory with automatic relocation feature
- Automatic carriage return to speed typing

### ADDITIONAL TYPING FEATURES

- Framing for drawing lines to outline an area
- Superscript and subscript typing
- One-touch tab set & clear
- Express and half backspace
- 10 pitch, 12 pitch or 15 pitch typing (Pica, Elite or Micron)
- Caps lock
- Line Indent for automatically indenting the first line of paragraphs

*maria*

## Specifications

# ML 300

## DAISY WHEEL ELECTRONIC DICTIONARY TYPEWRITER



**MADE IN THE USA**

**INCLUDES** $29.00 VALUE **BONUS DAISY WHEEL** WITH INTERNATIONAL SYMBOLS Allows you to type in Spanish, French, Portuguese, plus much more!

**PERFECTYPE®** PROFESSIONAL TOUCH KEYBOARD

US Brougham
10 Pitch
Daisy Wheel
International
Prestige
10/12 Pitch
Daisy Wheel

Select from Brougham or Prestige style typing by inserting one of the 2 daisy wheels included.



**INTERNATIONAL KEYBOARD**

Keyboard has international symbols for English, French, Spanish & Portuguese typing.

**MADE IN THE USA** *FROM U.S.A. & FOREIGN COMPONENTS

**1-YEAR LIMITED WARRANTY**

FOR MORE INFORMATION PLEASE CALL
THE BROTHER FAX-BACK℠ SYSTEM 1-800-521-2846
OR VISIT OUR WEB SITE AT http://www.brother.com

THE ULTIMATE **HOME H OFFICE** COMPANY

Includes "word-spell"™ English dictionary only.  Uses Model 1030 Correctable Ribbon and Model 3010 Correction Tape.

We're at your side.



**brother** ®

EXHIBIT_____ 9

# SALINAS VALLEY STATE PRISON

## PACKAGE HISTORY

---

**1**    *Quarterly (2014 - 1st)*          **Pending Issuance**
PKG-P07736-010714-Q1-1-144006                                             **Box 1 of 1**

| *Date Received* | *Package Vendor* | *Package Carrier* | *Status Date - 36* |
|---|---|---|---|
| 1/7/2014 | Access Securepak | | |

| *Sender:* | *Comments* |
|---|---|
| , , | 0510 |

| *Activity Date* | *Logged By* | *Package Activity* |
|---|---|---|

---

**2**    **Special**          **Pending Issuance**
PKG-P07736-120213-S1-1-151531                                             **Box 1 of 1**

| *Date Received* | *Package Vendor* | *Package Carrier* | *Status Date - 72* |
|---|---|---|---|
| 12/2/2013 | brothers inter | | |

| *Sender:* | *Comments* |
|---|---|
| , , | |

12/24/13   SIGND   FOR SM1BTUING   PER   C/O   CRAYM

| *Activity Date* | *Logged By* | *Package Activity* |
|---|---|---|

---

**3**    *Quarterly (2013 - 4th)*          **Pending Issuance**
PKG-P07736-101513-Q1-1-145457                                             **Box 1 of 1**

| *Date Received* | *Package Vendor* | *Package Carrier* | *Status Date - 120* |
|---|---|---|---|
| 10/15/2013 | Walkenhorsts | | |

| *Sender:* | *Comments* |
|---|---|
| , ; | 39 8rn |

| *Activity Date* | *Logged By* | *Package Activity* |
|---|---|---|

---

**4**    *Quarterly (2013 - 3rd)*          **Pending Issuance**
PKG-P07736-071513-Q1-1-132700                                             **Box 1 of 1**

| *Date Received* | *Package Vendor* | *Package Carrier* | *Status Date - 212* |
|---|---|---|---|
| 7/15/2013 | Access Securepak | | |

| *Sender:* | *Comments* |
|---|---|
| , , | 77724 |

| *Activity Date* | *Logged By* | *Package Activity* |
|---|---|---|

---

UNITED STATES EASTERN DISTRICT COURT OF CALIFORNIA

Timothy Crayton
_____
                Plaintiff or Petitioner

v.
器 Hedgpeth, et al.                          Case Number:1-08-CV-00621WHA
_____
                Defendant or Respondent

                                            PROOF OF SERVICE
_____/


I hereby certify that on March 31, 2014 _____, _____, I served a copy of the

attached _____ Motion For Sanctions _____,

by placing a copy in a postage paid envelope addressed to the person(s) hereinafter listed, by

depositing said envelope in the United States Mail at _____ Soledad, CA. 93960 ____ in the United States Mail at

List Name and Address of Each          United States Eastern District Court of California
(Defendant or Attorney Served)         2500 Tulare Street
                                       Fresno, CA. 93721

                                       California Attorney General
                                       455 Golden Gate Ave.
                                       San Francisco, CA. 94102

                                       Randy Grounds, warden
                                       Salinas Valley State Prison
                                       31625 Highway 101
                                       Soledad, CA. 93960

                                       Jeffery L. Bornstein, Attorney
                                       4 Embarcadero Center, Suite:1200
                                       San Francisco, CA. 94111

I declare under penalty of perjury that the foregoing is true and correct.


                              Timothy Crayton
                              _____
                              (Name of Person Completing Service)